STATE OF MISSOURI, Respondent, *v.* HENRY P. LANG, Appellant.

October 23, 1883.

CRIMINAL LAW — MISDEMEANORS. — The provisions of section 1356, of the Revised Statutes, apply to street cars.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Affirmed.*

TURNER & MORRIS and GOTTSCHALK & BANTZ, for the appellant.

J. R. CLAIBORNE and S. P. GALT, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The information under which defendant was convicted, charged that he threw stones "at car No. 15, whilst the same was in motion, said car then and there being the property of the St. Louis Railroad Company, said railroad then and there being a street railroad run by horse power."

Defendant demurred to the information on the grounds that the information charged no offence against the state of Missouri, and that the statute under which the offence is charged, does not apply to street railroads.

It was provided by section 60, of chapter 201, of the General Statutes of 1865, that " every person who shall maliciously place obstructions on the track of a railroad, or shall tear up or remove any part or portion of a railroad, or the works thereof with intent to obstruct the passage of a car or cars thereon, or to throw them off the track, shall upon conviction be imprisoned in the penitentiary not exceeding twenty years." The next section provides that, " if any person shall, by any of the unlawful acts enumerated in the last preceding section, endanger life, or cause any locomotive or car to be thrown off the track, he shall be punished by imprisonment in the penitentiary not exceeding twenty years."

These provisions were adopted into our statutes in the revision of 1855, from the Kentucky code of 1852. We think that there can be no doubt that they were intended to apply to railroads operated by cars drawn by steam tractors. Street tramways for cars drawn by horses, were not used in the United States at the time the Kentucky law was passed, and they were not known in Missouri in 1855. In 1877, by an act to amend section 60 of chapter 201

aforesaid (Sess. Acts 1877, p. 240), this section was amended by adding after the words " off the track," or " shall wilfully and maliciously throw any stone, stick or anything, into or at any train, or into or at any car or locomotive while the same is in motion, or otherwise," the penalty remaining unchanged. This amended act was, we have no doubt, intended to apply exclusively to railroads operated by steam tractors.

In the revision of 1870, the provisions as to throwing stones, which had been inserted as an amendment into section 60 of the acts of 1865, were stricken out of that section, leaving it as before, and these provisions were enacted as a separate section (sect. 1356), the language remaining unchanged, except as to the penalty, so that the section now reads : " Every person who shall wilfully and maliciously throw any stone, stick, or other thing into or at any train, or into or at any car, or locomotive, whilst the same is in motion, or otherwise, shall upon conviction, be guilty of a misdemeanor."

The word " car" is generally used in this country for any wheeled carriage used for carrying goods or passengers upon a railroad, whether the road be a tramway over the streets of a city, to be operated by horses, or a more extended road to be worked by steam tractors. The legislature when it enacted this section as an independent provision, and reduced the offence to a misdemeanor, probably intended that the act should apply to railroad cars of every description. The language is broad enough to cover all such cars ; the nature of the offence is the same ; there appears to be no reasons why a distinction should be made between the offence of throwing stones at the cars of a railroad operated by steam, and at those of a railroad on which horse power is used. The statute, in the plain meaning of its terms, covers the offence with which defendant was charged, and we see no reason for saying, that because from its context the word " car " in

the section as originally placed, was apparently meant to apply to cars on railroads operated by steam tractors, therefore, when this provision of the section was removed from its context and enacted as an independent provision, the word " car " is not to be taken in its obvious and usual meaning.

We think the demurrer was properly overruled. It is not pretended that there is any other error in the conviction, and we think that it should be affirmed. It is so ordered.

All the judges concur.