## THE STATE v. A. S. SILLBAUGH, Appellant.

### Division Two, May 20, 1913.

1. **INFORMATION: Amendment.** It was not erroneous for the court to permit the prosecuting attorney, upon request and before the trial, to amend the information by inserting the word "feloniously."

2. **INSTRUCTION: Reasonable Doubt.** An instruction telling the jury that "before you can convict the defendant you must find him guilty beyond a reasonable doubt. If you have a doubt as to defendant's guilt you should acquit him, but a doubt to authorize an acquittal should be a substantial doubt based on the evidence, and not a mere possibility of his innocence," in clear and unmistakable terms announces the correct doctrine of reasonable doubt.

3. ————: **Shooting Hogs: Malice Towards Owner or Animal.** In a prosecution for shooting hogs which had gotten into defendant's cornfield, an instruction which tells the jury that "it is not necessary to prove that defendant had malice against the owner or the animal, but if the act was wrongfully, intentionally and wilfully done it may be inferred that it was done

maliciously," correctly declares the law as to the inference of malice in such a case, and is fair and full where there has been given another instruction setting forth all the essential elements of the offense and stating that the finding of the element of malice was one of the requisites to a verdict of guilty.

4. ———: ———: Trespassing: Right to Shoot. The mere fact that domestic animals are trespassing on defendant's lands and crops gives him no right to shoot or injure them. That is the law even when defendant has such a fence as the law requires.

5. ———: ———: ———: ———: Undue Favor to Defendant. In a prosecution of a defendant for shooting hogs which were trespassing on his cornfield, an instruction telling the jury that "if you find from the evidence that the defendant shot the hogs in question to protect his crops, and it was necessary to do so to protect his crops, and said act was done without malice to the animal or owner, then you should acquit defendant," announced a false and pernicious doctrine; but it does not constitute reversible error, for the reason defendant was not injured thereby.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*A. H. Buchanan* for appellant.

The alleged offense in this case is a felony, and all felonies must be charged to have been feloniously done. In this case the word "feloniously" nowhere appeared in the information till the prosecuting attorney was permitted to insert the word "feloniously," and that after the jury were impaneled. Defendant's motion in arrest should have been sustained. State v. Murdock, 9 Mo. 739; State v. Gilbert, 24 Mo. 380; State v. Deffenbacher, 51 Mo. 26; State v. McGrath, 228 Mo. 413; State v. Buchfelder, 231 Mo. 55. Until this information was amended there was no crime charged against the defendant, and the State is not permitted to wait until the jury is impaneled and then for the first time present a legal charge against

him. Up to the time this amendment was made defendant had no notice of any legal charge against him. This amendment is not a matter of form, but one of substance, and is the very essence of the charge, and it comes too late. R. S. 1909, sec. 5061; Constitution of Missouri, art. 2, sec. 22; State v. Coleman, 186 Mo. 151; Pozzini v. State, 126 Pac. (Okla.) 1040. The court misapplied the law and facts in this case. In instruction 5 the court singled out the question of malice and made special comment on the feeling of defendant toward the owner of the property and the animal, and particularly called their attention to the fact that it was not necessary for defendant to have malice toward either the owner or animal, and while that is true as an abstract rule of law, it is not for the court, to direct the attention of the jury to that matter, specially. R. S. 1909, sec. 5244; State v. Grugin, 147 Mo. 39. But the court committed the most fatal error going to the merits of the case in giving instruction 9. The question of malice and criminal intent, which is the foundation of this class of cases, was ignored. In instruction 9 the right of defendant was limited to the narrow ground of necessity. Is a man to be adjudged a criminal if, perchance, he should wound stock, excluding them from his premises, for the mere reason it had not become a matter of absolute necessity? No guide is given the jury as to what constituted such necessity. The element of malice and criminal intent is lost sight of. Malice is the very bottom of this charge, and no felony can be committed without a criminal intent. 1 Bishop's New Criminal Law, secs. 206, 287; State v. Fritchler, 54 Mo. 424; State v. Cunningham, 154 Mo. 161.

*John T. Barker,* Attorney-General, and *Stephen K. Owen* for the State.

(1) The court when requested properly gave permission to the prosecuting attorney to insert the

word "feloniously" in the information before the trial. State v. Darling, 216 Mo. 450; State v. Emerson, 188 Mo. 412; State v. Dargatz, 244 Mo. 218. (2) The instructions given cover every issue in the case and were as favorable to the defendant as he could ask under the evidence.

WALKER, J.—Defendant was charged in an information filed by the prosecuting attorney of Douglas county with maliciously shooting and wounding hogs as denounced in section 4627, Revised Statutes 1909. Before the trial, the prosecuting attorney was permitted to amend the information by the insertion therein of the word "feloniously." The defendant was tried before a jury, found guilty and his punishment assessed at a fine of fifty dollars. After the necessary formal procedure, he appeals to this court.

Briefly, the facts are that certain hogs belonging to the prosecuting witness, named Walker, a neighbor of defendant's, had been getting into the latter's cornfield for several months and destroying his corn. The prosecuting witness and his wife heard shots fired in defendant's field in November, 1911, and went to the field and asked defendant if he had seen the hogs and he said he had not. A search resulted in the finding of two of the hogs in a shock of the defendant's corn, wounded and bleeding. Defendant on the witness stand testified that two bunches of Walker's hogs had been getting into defendant's field at different times, and although Walker had been at defendant's house frequently hunting the hogs, he had not offered to help him get them up; that when defendant shot the hogs in November, 1911, it was for the purpose of scaring them and running them out of the field. Defendant says he did not know that the two wounded hogs were in the corn shock when Walker and his wife came to the field immediately after the shots were fired. In reply to an inquiry made by his counsel as to why he

did not tell Walker and his wife where the hogs were when they came to the field, he said: "Well, they had given me so much trouble, I thought they would give me more trouble."

Defendant was permitted to testify fully in regard to every phase of the case, even to state his reasons for the commission of the offense.

There was much testimony as to the condition of defendant's fence around the cornfield, not necessary to be detailed, because of its irrelevancy.

The court instructed the jury on the presumption arising from proof of good character; as to what constitutes reasonable doubt; the weight and credit to be given to defendant's testimony; what the jury must find to authorize a conviction; that malice may be inferred if the act was shown to have been wrongfully and intentionally committed; what is meant by "malice;" that if the shooting was done without malice to the animal or owner, then you should acquit the defendant, and defining "wilfully."

Defendant assigns as error the amendment of the information and the giving and refusing of certain instructions.

I. Defendant contends that error was committed in permitting the prosecuting attorney, before the trial, to amend the information by the insertion therein of the word "feloniously."

**Amending Information.**

The statute (Sec. 5061, R. S. 1909) provides that "any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters of form and variance, at the discretion of the court, when the same can be done without prejudice to the substantial rights of the defendant, on the merits," etc.

At common law the officer of the Crown could elect to file an entirely new information or, by leave

of the court, amend the information already filed, by interlineation or erasure. This court has held that an "information," as used in our Constitution, means the common law information. [State v. Kyle, 166 Mo. 287.] The provisions of the statute, therefore, are but declaratory of the common law and are ample to permit the amendment complained of, when as shown by the record, it was made by leave of the court and before the trial.

This conclusion is supported by State v. Vinso, 171 Mo. 576, and State v. Pyscher, 179 Mo. 140, in which the amendment of informations is elaborately and learnedly discussed.

II. The correctness of the second instruction given by the court is challenged. It is in these words:

"Before you can convict the defendant you must find him guilty beyond a reasonable doubt. If you have a doubt as to defendant's guilt you should acquit him, but a doubt to authorize an acquittal should be a substantial doubt based on the evidence and not a mere possibility of his innocence."

This instruction in clear and unmistakable terms announces the correct doctrine in regard to a reasonable doubt; it has the support of many precedents. [State v. Nerzinger, 220 Mo. 36; State v. Bateman, 198 Mo. 212; State v. Maupin, 196 Mo. 164.]

Reasonable Doubt.

Complaint is made of the fifth instruction given by the court. It is as follows:

"It is not necessary in the trial of a case of this kind that the State prove that the defendant had malice against the owner of the property or against the animal, but if the act was wrongfully, intentionally and wilfully done it may be inferred that it was done maliciously."

This instruction correctly declares the law (Sec. 4629, R. S. 1909), as to the inference of malice in cases of the character of the one at bar; it should be read and interpreted in connection with instruction number four, given by the court, which defined all of the essential facts necessary to constitute the offense charged, and told the jury that the finding of the element of malice was one of the requisites to a verdict of guilty and instruction number five was simply explanatory thereof; in addition, the court in another instruction properly defined malice. In view of these declarations of the law the jury could not have been misled and defendant's contention is devoid of merit.

Instruction numbered nine, which defendant assigns as error, is as follows:

"If you find from the evidence that the defendant shot the hogs in question to protect his crops, and it was necessary to do so to protect said crops, and said act was done without malice to the animal or owner, then you shall acquit the defendant."

This instruction is in conflict with the other instructions and announces a false and pernicious doctrine. The mere fact that domestic animals are trespassing gives no right to the owner of land or crops to injure or destroy them; this is true although the land-owner has such a fence as the law requires (State v. Prater, 130 Mo. App. 348; 2 Cyc. 433), which was not the fact in the case at bar. The Supreme Court of Illinois in construing a statute in substantially the same language as that of this State, says: "It is a violation of the common law, as well as of this statute, for a person to shoot or wound stock found trespassing upon his premises. He may expel them from his premises, and use the necessary force for that purpose, doing them no unnecessary damage; or he may take them up *damage-feasant,* if need be, to protect his

crops or close.'' [Snap and Francis v. People, 19 Ill. 80, 68 Am. Dec. 582.] While the animus and intention of the act may be shown to establish innocence (State v. Graham, 46 Mo. 490), it has never been held by our courts that, when it has been shown that the animal was injured or killed while trespassing, whether in the destruction of crops or otherwise, in the absence of malice against the owner or the animal the accused should be acquitted. The instruction, however, does not constitute reversible error, for the sufficient reason that the defendant was not thereby injured. A favorable instruction not tending to the injury of the one toward whom it leans, cannot be objected to by him. Since the law gives no redress for a wrong not resulting in injury, one who has suffered nothing from the omission of an instruction or the giving of an incorrect one will not be heard to complain. This in substance is the lucid language of Bishop in the discussion of this subject. [2 Bishop, N. Cr. Proc. (Underhill's 2 Ed., 1913) sec. 980, par. 7, p. 823, and sec. 980-b, p. 828.] A like doctrine is announced in State v. Terry, 106 Mo. l. c. 216.

The instructions given by the court properly declared the law upon every essential fact in evidence necessary to enable the jury to render an intelligent verdict and the instructions asked by the defendant were, therefore, properly refused.

Finding no prejudicial error, the judgment of the trial court should be affirmed, and it is so ordered. *Brown, P. J.,* concurs; *Faris, J.,* concurs in result only.