## THE STATE v. RAY McLELLAND, Appellant.

Division Two, December 22, 1925.

1. **ANIMAL:** Malicious Maiming: Inference. Under the statute (Sec. 3414, R. S. 1919) the offense is committed only when one shall wilfully and maliciously or cruelly maim or wound a domestic animal, but that the act (Section 3416) was malicious may be in-

State v. McLelland.

ferred from proof that it was intentionally and wilfully done; and where the instruction required the jury to find that defendant "feloniously, maliciously and cruelly" wounded the animal, he cannot complain that it failed to require that the act was maliciously done for purposes of torture, where there is evidence, though not his own, that he was actuated by malice.

2. ———: ———: **Defendant's Testimony: Credibility.** If the jury believe defendant's testimony that he was not actuated by malice, but by a mere intention to protect his own property, in castrating a scrub bull that had broken into the pasture where he kept his fine cows, they should acquit him; but they are not obliged to believe his statements or his version of his motive, and if there is evidence from which it may be inferred that his intentional and wilful act was actuated by malice, he cannot complain of an instruction requiring the jury to find that the act was maliciously done.

3. ———: **Castrating Bull: Statute.** The statute (Sec. 4274, R. S. 1919) provides conditions under which a scrub bull running at large may be taken up, and after notice, be castrated. But a defendant, who is being tried under the other statute (Sec. 3414, R. S. 1919) for the offense of maliciously castrating a scrub bull which had persistently broken into his pasture where he kept his fine cows, must comply with the conditions of said Section 4274 before he can invoke the protection of that statute.

4. **APPELLATE JURISDICTION: Fine: Under Statute Authorizing Imprisonment in Penitentiary.** A statute providing for punishment a term in the penitentiary, or imprisonment in the county jail, or a fine not less than fifty dollars, or both such fine and imprisonment, makes the offense a felony, with discretion in the jury to fix a lighter punishment than imprisonment in the penitentiary, and where they find a defendant guilty and fix his punishment at a fine of fifty dollars, this court has jurisdiction of his appeal from sentence and judgment imposing such fine.

Animals, 3 C. J., Section 545, p. 166, n. 1; Section 574, p. 171, n. 19. Criminal Law, 16 C. J., Section 6, p. 57, n. 71; 17 C. J., Section 3882, p. 24, n. 9.

Appeal from Oregon Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *Wm. L. Vandeventer,* Assistant Attorney-General, for respondent.

(1)   Malice may be inferred from the facts, and need not be proven. Sec. 3416, R. S. 1919; State v. Hirsch, 260 S. W. 557; State v. Brotzer, 245 Mo. 499; State v. Sillsbaugh, 250 Mo. 308.   (2)   It is not necessary that the act should have been done in anger, and consequently the court need not so instruct. Secs. 3414, 3416, R. S. 1919.

WHITE, J.—The defendant appeals from a judgment following conviction in Oregon County August 27, 1924, for maiming and maliciously wounding one Hereford bull, property of one J. A. Medlin.   The information charged that the offense was committed June 7, 1924.

The defendant and Medlin possessed adjoining farms in Oregon County, and Medlin's bull sometimes escaped into the defendant's pasture, and June 7, 1924, Medlin found the animal had been castrated.   Defendant admitted that he had done it.

In defense the defendant said that he saw the white-faced scrub bull in his pasture with some of his fine cows which he kept for breeding purposes; that he turned the animal out and drove it into another pasture and shut it in, but it kept returning.   Defendant tried to find out who owned the bull, but failed to do so.   He said if he had known it belonged to Medlin he would have driven it home.   The defendant and Medlin were friendly, and in testifying each spoke in the highest terms of the other. The defendant swore that the animal was of such poor stock an offspring from it would be worthless.   He had fine stock of his own, including a Jersey bull.   Being unable to find the owner or to keep the animal out, he concluded the only remedy was castration, which he performed.   After he learned the animal belonged to Mr. Medlin he tried to see Medlin and arrange the matter with him, but Medlin refused to speak to him.   On this

evidence the defendant was found guilty, and his punishment assessed at a fine of $50.

I.   The appellant has filed no brief in this court. The only errors assigned in the motion for new trial relate to the sufficiency of the evidence, the instructions given by the court, and failure of the court to instruct that the act complained of must have been done maliciously for the purpose of torture.

Malice.

The instructions given by the court followed the information and the statute, and required a finding that the defendant, "feloniously, maliciously and cruelly," wounded the animal, etc.

Under the statute, Section 3414, Revised Statutes 1919, the offense is committed only when one shall wilfully and maliciously or cruelly maim, wound, etc., a domestic animal.   Section 3416 provides that "it shall not be necessary to show on the trial of any offense under this article that the offense was committed from malice conceived against the owner of the property, or against the animal or property injured; but if the act was wrongfully, intentionally and wilfully done it may be inferred that it was done maliciously."

In State v. Brotzer, 245 Mo. l. c. 511-12, it was held, construing Section 3416, that, in a prosecution for destroying property, "it was not the intention of the Legislature to dispense with malice as an element of the offense in malicious mischief statutes, but rather to authorize an inference of that element of the crime upon proof of certain other facts, thereby relieving the State from proof of malice in making a prima-facie case."   It was still open for the accused to show that the act, although done unlawfully and intentionally, was not malicious.   The court quoted from Kelley's Criminal Law & Practice:

"If the act is proved to have been done intentionally and wilfully it may be inferred to have been done maliciously, unless the contrary be shown."

The instruction required the jury to find that the act was done maliciously. According to the defendant's own evidence he did it wilfully and intentionally; that is, intending the very effect which he accomplished. Under this statute and its construction by this court the jury had a right to infer from the act that it was done maliciously. If the jury believed his own explanation of the matter, they should have found that he was not actuated by malice, but by a mere intention to protect his own property, and should have acquitted him. But the jury were not obliged to believe his statements in that respect, nor his version of his motive. The evidence was sufficient to warrant a finding that the act was done maliciously.

Section 4274, Revised Statutes 1919, provides conditions under which such an animal running at large may be taken up and, after certain notice, castrated. Defendant did not seek to bring himself within the protection of that statute.

II. The statute, Section 3414, provides for punishment a term in the penitentiary not exceeding three years, or imprisonment in the county jail not less than three months, or by a fine of not less than $50, or by both such fine and imprisonment. This makes the offense a felony, with discretion in the jury to fix a lighter punishment than imprisonment in the penitentiary. And, therefore, it gives this court jurisdiction. The only classification of the offense is that fixing the penalty.

The jury assessed the lightest punishment it could under the statute. The judgment accordingly is affirmed. All concur.