Kenneth CRUSE and Dorothy J. Cruse, a Minor by Her Father and Next Friend, Kenneth Cruse, Appellants,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Respondent.

No. 24180.

Kansas City Court of Appeals.

Missouri.

June 7, 1965.

Haskell Imes, Kansas City, for appellants.

E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

This is a suit to recover under an insurance policy for property damage sustained by plaintiffs' automobile. Defendant's motion to dismiss the petition for failure to state a cause of action was sustained and plaintiffs have appealed. We examine and consider the petition to determine if it does

or does not state a cause of action against defendant insurer.

Plaintiffs' petition alleges (1) that on or about January 24, 1964, they were the owners of a particularly described Ford automobile; (2) that on said date defendant company's insurance policy insuring them as owners and covering said Ford automobile was in full force and effect; (3) that said policy provided liability insurance and comprehensive coverage; (4) that paragraph (1) (a) of the policy reads:

"To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage * * * loss caused by * * * malicious mischief * * * shall not be deemed to be loss caused by collision".

(5) that on or about January 24, 1964, at approximately 2:22 a. m. plaintiff Dorothy J. Cruse was driving said Ford east at the intersection of 13th and Charlotte Streets, Kansas City, Missouri, "when a certain John J. Marlowe and John Doe, who were then committing a felonious act and then and there had a large quantity of stolen property in the motor vehicle and were then and there engaged in driving in a southerly direction on Charlotte street while fleeing the police, who were in hot pursuit, entered said intersection when the traffic lights then and there were red for southbound traffic, at a speed of 60 miles per hour; that said John J. Marlowe and John Doe at said time and place were acting unlawfully, maliciously and with such reckless disregard of the rights of the plaintiffs as to constitute malicious mischief within the terms of said insurance policy which expressly states that acts of malicious mischief shall not be deemed to be acts caused by collision", and (6) that said Ford was damaged in the amount of $1200, and (7) a prayer for judgment in the sum of $1200, plus interest, penalty for vexatious refusal to pay, and attorney's fee.

Neither the insurance policy nor a copy thereof was attached to the petition, nor was it ever offered or received in evidence. Plaintiffs at one time asked to amend by adding the words "or vandalism" after the words "malicious mischief" as quoted from the policy, but such addition or amendment was never made.

It is quite apparent that plaintiffs bought liability protection, plus comprehensive coverage, but did not purchase collision insurance. If the property damage done to their Ford automobile was occasioned by "malicious mischief" then their petition states a cause of action and it was erroneously dismissed. On the other hand, if the damage was caused by "collision", then the loss was not covered by the policy and the motion to dismiss was properly sustained. Plaintiffs assert that the damage to their automobile was brought about by "malicious mischief" within the meaning of that phrase under our statutes and under the insurance contract herein.

Our Missouri statutes under Chapter 560 "Offenses Against Property" contain four specific sections dealing with unlawful and malicious destruction or injury to property. One refers to destruction by explosion, another injuring dwelling houses, a third, injury to boats and vessels and, finally, one providing a penalty for "willfully and maliciously" injuring a host of specifically described properties, including "or other vehicle". (Secs. 560.400, 560.395, 560.390 and 560.385, V.A.M.S.).

Plaintiffs have cited cases which they contend support their position. We shall refer briefly, but we think sufficiently, to some of those decisions. In State v. Hadley, Mo., 364 S.W.2d 514, 517, the Supreme Court affirmed a conviction of burglary and ruled that failure to instruct on malicious mischief, which imports only an intent to injure or destroy, rather than theft, did not constitute error.

It was ruled that an employee driving a truck without permission and without intention to permanently deprive the owner thereof was guilty of malicious mischief, rather than theft. Eiswirth Const. &

Equipment Co. v. Glenn Falls Ins. Co., 241 Mo.App. 713, 240 S.W.2d 973.

The following situations were held to constitute malicious mischief: Tampering with earth-moving vehicle, Zuber et al. v. Clarkson Constr. Co., Mo., 315 S.W.2d 727. Castration of neighbor's bull, State v. McLelland, 312 Mo. 68, 278 S.W. 981. Shooting a neighbor's hogs, State v. Sillbaugh, 250 Mo. 308, 157 S.W. 352, and throwing stones at a street car, State v. Lang, 14 Mo.App. 247. In each of these instances the acts were done willfully and intentionally. In our opinion none of these cases supports plaintiffs' contention.

Plaintiffs have also included in their brief the following quotation from the opinion of Justice Ryland in the 1856 case of State v. Hambleton, 22 Mo. 452, 456:

> "One remark more about the malice in these cases and I will have done. In the case of Bromage and another v. Prosser, (4 Barn. & Cress. 247; 10 Eng.Com.Law, 321.) Bailey, J., in delivering the opinion of the court, said: 'Malice in common acceptation means ill-will against a person, but in its legal sense it means a wrongful act done *intionally,* without just cause or excuse. If I give a perfect stranger a blow likely to produce death, I do it *of malice,* because I do it *intentionally* and without just cause or excuse. If I maim cattle without knowing whose they are—if I poison a fishery without knowing the owner, I do it of malice, because it is a wrongful act and done intentionally' ".

In the case before us there is no suggestion that the operators of the other vehicle intentionally hit plaintiffs' automobile or intended to run into any automobile or into anybody's property. In fact it is fully apparent that Marlowe and Doe were trying to escape capture. The last thing they wanted was to have their flight stopped, slowed up or interrupted by striking any automobile. Their striking plaintiffs' automobile was unintentional. There was no

malice, particular or general, in the striking. It was an accident. It was a collision.

In Hutchinson v. Steinke, Mo.App., 353 S.W.2d 137, the court approved the definition of collision insurance as stated in 44 C.J.S. Insurance § 7 page 476, as follows:

> "* * * ' "Collision insurance" is a term used in the law of motor vehicle insurance to describe insurance of the owner against the risk of loss or damage occasioned to the vehicle by a collision with other objects.' * * * "

This court in Payne v. Western Casualty and Surety Co., Mo.App., 379 S.W.2d 209, 211, gave a broad definition to collision insurance and held it covered running the insured automobile into a ditch, saying:

> "The majority of the courts, often noting there is no proof that the word 'collision' has some commonly known and generally recognized restrictive meaning in insurance contracts take the viewpoint that the word 'collision' should be defined broadly and in its dictionary sense to mean 'striking together' or 'striking against', thus including every contact with any part of the highway. See, Annotations, 23 A.L.R.2d 389, 105 A.L.R. 1428; 42 A.L.R. 1130; 40 A.L.R. 999; 35 A.L.R. 1030; 30 A.L.R. 807; 26 A.L.R. 429; 14 A.L.R. 188. In Missouri in principle we have adopted the more liberal construction".

In Rea v. Motors Ins. Corporation, 48 N.M. 9, 144 P.2d 676, 679, the policy provided coverage for "malicious mischief". Plaintiff's automobile was properly parked on a street in Roswell, New Mexico when it was run into by an automobile driven by one Ledbetter, who was at the time under the influence of intoxicating liquor. Plaintiff's suit to recover damages under the "malicious mischief" coverage clause, was denied. The Supreme Court of New Mexico said:

> "* * * He might as well have struck one or more of many other cars

likewise parked upon the street. If it is to be that any drunken or wanton, willful or reckless driver upon the highways who collides with or injures another automobile is to be adjudged guilty of malicious mischief, as the term is employed in this policy, there would, indeed, be little necessity for any coverage for damages through 'collision'. * * *"

We believe that an act to constitute malicious mischief must be done willfully and intentionally. The intent does not have to be against one particular and certain object. The perpetrator may or may not know the owner of the object struck, but he must do the act on purpose. Herein lies the malice. Here there was no intent to strike plaintiffs' vehicle or any vehicle. Quite the contrary. If in the case before us plaintiffs had bought collision coverage rather than insurance for malicious mischief, the insurer could certainly not successfully defend on the theory that the damage was occasioned by malicious mischief and not by collision. We rule that plaintiffs' petition itself affirmatively shows that the loss was caused by collision and not as a result of malicious mischief within the meaning of the policy. It was not error for the court to sustain the motion to dismiss.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.