**William A. SHAPIRO, Appellant,**

v.

**Jeffrey KRAVITZ, Respondent.**

No. 52814.

Missouri Court of Appeals, Eastern District, Division One.

July 26, 1988.

Gerald M. Dunne, St. Louis, for appellant.

Michael R. Noakes, St. Louis, Arthur L. Poger, Clayton, for respondent.

CRIST, Judge.

Plaintiff appeals from a judgment entered pursuant to a jury verdict for plaintiff, but awarding him nothing for personal injuries and only one dollar for damage to his automobile. We reverse and remand as to the amount of damage to plaintiff's automobile.

Plaintiff's automobile was stopped in the left hand turn lane of southbound Fee Fee Road at the intersection of Fee Fee and Olive Street Road when it was hit by defendant's automobile. Defendant had been traveling east on Olive when he decided to make a left turn onto northbound Fee Fee. During the turn defendant lost control of his automobile and hit plaintiff's automobile pushing it across two lanes of traffic and into the curb on the west side of Fee Fee. Plaintiff was shaken by the accident and sought medical attention four to six weeks later for stiffness, headaches, backaches and blurred vision. The medical care consisted of four visits over a two-year period.

Plaintiff testified as to his medical expenses, the condition and value of his automobile before and after the accident, the expenses he incurred to repair his automobile, and his belief the automobile was never properly repaired. In his testimony plaintiff said he purchased the automobile new in 1980 for $11,980. He valued it at $9,500 just before the accident in 1982, and at $2,500 after the accident. Plaintiff testified he incurred more than $3,500 in repair bills trying to get his automobile repaired.

■ Generally the measure of damage to an automobile is the decrease in its fair market value after the accident. *Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W. 2d 39, 43[5] (Mo. banc 1976). However, if it can be repaired to its prior state, the cost of repair is a measure of damages. *Tull v. Housing Auth. of the City of Columbia*, 691 S.W.2d 940, 942[2] (Mo.App.1985). Defendant did not dispute that plaintiff's automobile was damaged. Plaintiff's testimony presented a serious question as to the amount of those damages; however, there was little question that the damages exceeded one dollar. Plaintiff asserts the

award of one dollar in damages resulted from the trial court's refusal to allow argument about the pre- and post-accident value of the automobile during the rebuttal portion of his closing argument.

■ During the opening portion of his argument, the only reference plaintiff made to damages was "I'll come back to you in a few minutes and talk to you about damages. Right now, I want to talk to you about why we're here." Generally, when a plaintiff does not raise the issue of damages in the opening portion of closing argument, he cannot address that issue in the rebuttal portion of his argument. *Midwest Library Service, Inc. v. Structural Systems, Inc.*, 566 S.W.2d 249, 251[1] (Mo.App. 1978). If, however, defendant argues damages plaintiff can address the issue in his rebuttal. *Id.* Since plaintiff did not address damages in the opening portion of his argument, the question is whether and to what extent defendant raised the issue.

Defendant mentioned damages in his closing when he argued:

As far as the 1979 car, the accident happened in 1982. Plaintiff admitted it had 40,000 miles on it at that time. Now, what's the other testimony. The testimony was he purchased the car new for about $11,900. All he's going to discount for that three years and 40,000 is $2,500. His claim is that it was $9,500 was the value of that car before the accident. And how much did he say after? $2,500. So, he's claiming $7,000 difference in value of a three-year-old car, with 40 miles on it—40,000 miles on it, after this accident.

He takes it over and gets it repaired for around $2,000 and then goes to other places to get other repairs that should have been done by that place.

Later in the argument he attacked the credibility of plaintiff's testimony that all the automobile repair bills were for problems related to the accident. Thus, in his argument defendant interjected the issue of damages in terms of both fair market value and repair cost, and he is in no position to complain of plaintiff's failure to argue damages in the first portion of his argument. *See Weinbauer v. Berberich,* 610 S.W.2d 674, 678[7] (Mo.App.1980).

■ Defendant admitted, during his testimony, that he was at fault in the accident, thus the issue of liability is not in dispute. The jury's assessment that plaintiff suffered no damages for personal injury is supported by the record. There is, however, on the record, a serious question as to the amount of the automobile damages. Where there is trial error, as in the erroneous limitation of closing argument, there can be a retrial as to that issue only. Rule 84.14 ("No new trial shall be ordered as to issues in which no error apears."); *Strickland v. Barker,* 436 S.W.2d 37, 42[14] (Mo.1969); *Laster v. State Farm Fire & Casualty Co.,* 693 S.W.2d 195, 198 (Mo.App.1985) (reversed and remanded on issue of damages only).

Judgment affirmed as to liability and personal injury but reversed and remanded for a new trial to determine the damages to plaintiff's automobile.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.