**Howard and Marianne FARNING, Respondents,**

v.

**Alvin and Cindy BRENDAL, Appellants.**

**No. WD 63641.**

Missouri Court of Appeals, Western District.

Dec. 14, 2004.

Jason N. Shaffer, Springfield, Richard Leo Rollings, Jr., Judy R. Ullmann, Camdenton, for Appellant.

Christopher Hoberock, Nevada, for Respondent.

PAUL M. SPINDEN, Judge.

After the vinyl flooring installed by Nevada Carpet Broker and America's Carpet Gallery in Howard and Marianne Farning's house in 2001 developed air pockets, the Farnings sued the company's sole proprietors, Alvin and Cindy Brendal, for breach of warranty. The Brendals had warranted that they would install the vinyl in a workmanlike manner. The circuit court found that the Brendals breached their warranty and awarded $3779.81 and interest to the Farnings. The Brendals appeal, asserting that the circuit court used the incorrect measure of damages. We agree and reverse the circuit court's judgment.

The Farnings paid a "lump sum price" of $2468.26 in exchange for the Brendals' promise to provide the vinyl flooring, to remove furniture, appliances and carpeting, to prepare the floor underlayment, and to provide all the labor to install the vinyl flooring. The Brendals gave the Farnings a performance assurance warranty.

Within a few weeks after the flooring had been installed, the vinyl began to bubble. The Brendals attempted unsuccessfully to repair the vinyl. After concluding that the bubbling resulted from gas forming underneath the vinyl and from a clothes dryer that was vented inside the Farnings' basement, the Brendals refused any additional attempts to repair the flooring.

The Farnings informed the vinyl's manufacturer of the problem. The manufac-

turer determined from samples supplied by the Farnings that the bubbling resulted from use of an improper adhesive during installation and agreed to furnish new flooring to the Farnings at no cost. The Farnings hired Tom's Flooring for $1311.55 to install the replacement flooring.

The Farnings sued the Brendals for breach of warranty. The circuit court awarded the Farnings $3779.81—the $2468.26 contract price and the $1311.55 paid to Tom's Flooring. The Brendals appeal.

■ "In a breach of contract case, the goal in awarding damages is to make an award that will put the non-breaching party in as good a position as he would have been in if the contract had been performed." *Williams v. Hubbard*, 789 S.W.2d 810, 812 (Mo.App.1990); *see also General Electric Capital Corporation v. Rauch*, 970 S.W.2d 348, 359 (Mo.App.1998). The circuit court's award put the Farnings in a better position than they would have been in had the Brendals installed the flooring as warranted. The award had the effect of giving the Farnings a windfall by giving them new flooring at no cost.

■ Generally, the proper measure of damages is the difference between the fair market value of the vinyl before and after the installation. *Concordia Lumber Company, Inc. v. Davis*, 696 S.W.2d 851, 852–53 (Mo.App.1985); *Tull v. Housing Authority of City of Columbia*, 691 S.W.2d 940, 942 (Mo.App.1985). "An exception to the general rule is the cost of repair test which may be used when the property can be restored to its former condition at a cost less than the diminution in value." *Tull*, 691 S.W.2d at 942; *Shapiro v. Kravitz*, 754 S.W.2d 44, 45 (Mo.App.1988).

■ The Farnings assert that the flooring had no value in its bubbled condition; therefore, the market value of the project at the time of installation was the contract price of $2468.26 and that the market value of the vinyl after installation was zero.[1] The evidence, however, established that the improperly installed vinyl was replaced and installed at a cost of $1311.55. The cost of repair was less than the diminution in value and was, therefore, the correct measure of damages. Indeed, at oral argument, the Farnings admitted that the cost of repair put them in as good a position as they would have been in had the contract been performed.

To the extent that the Farnings claim that, in addition to the diminution in value damages, they are entitled to the repair costs as incidental or consequential damages, they are wrong. Repair costs are not "incidental" or "consequential" damages. The Farnings do not assert any damages that would constitute incidental or consequential damages. *See We–Mac Manufacturing Company v. Mid–State Petroleum Equipment, Inc.*, 827 S.W.2d 257 (Mo.App.1992); *Crank v. Firestone Tire and Rubber Company*, 692 S.W.2d 397 (Mo.App.1985).

We, therefore, reverse the circuit court's judgment and remand with instructions that the circuit court modify its judgment to award $1311.55 to the Farnings.

HAROLD L. LOWENSTEIN, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.

---

1. Howard Farning and Alvin Brendal testified that a portion of the vinyl installed in the bathroom and foyer was not defective. Alvin Brendal said that the flooring in these areas was worth $1100, but he was not under oath when he provided this information. No other evidence was presented on the value of the unaffected flooring.