PER CURIAM.
The defendant appeals from a summary denial of his motion to vacate judgment and sentence. Only one of appellant’s •contentions has merit. That is whether the trial court imposed a sentence in excess of -that authorized by law.
A sentence of five years was imposed for Attempted Breaking and Entering with Intent to Commit a Misdemeanor. Fla.Stat., Sec. 810.05, F.S.A., provides:
“Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or •county jail not exceeding five years, ■or by fine not exceeding five hundred dollars.”
And Fla.Stat., Sec. 776.04(3), F.S.A. provides in part:
“ * * * In no case shall the punishment by imprisonment exceed one-half of the greatest punishment which might have been inflicted if the offense attempted had been committed.”
It is apparent from the statutes that the maximum sentence which could have been imposed for the attempted crime was two and one-half years. Therefore the sentence on this particular conviction, Attempted Breaking and Entering with Intent to Commit a Misdemeanor, must be vacated and the case remanded in order that a proper sentence may be imposed.
Affirmed in part and reversed in part.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.