PER CURIAM.
The appellant was convicted of Attempted Breaking and Entering with Intent to Commit a Misdemeanor, Possession of Bur-glarious Tools, and Trespass. He was sentenced to five years on the first two counts and thirty days on the third, the sentences to run concurrently.
The appellant contends the evidence on all three counts was insufficient to sustain a conviction, but a perusal of the record shows this argument to be without merit.
It is further alleged that a sentence of five years for Attempted Breaking and Entering with Intent to Commit a Misdemeanor is in excess of that authorized by law. Fla.Stat., Sec. 810.05, F.S.A. provides:
“Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.”
And Fla.Stat., Sec. 776.04(3), F.S.A., provides, in part:
“ * * * In no case shall the punishment by imprisonment exceed one-half of. the greatest punishment which might have been inflicted if the offense attempted had been committed.”
It is apparent from the statutes that the maxim sentence which could have been imposed for the attempted crime was two and one-half years. Therefore this case is remanded to the trial court in order that a proper sentence may be imposed.
Affirmed in part and reversed in part.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.