RAWLS, Chief Judge.
Defendant Fitz by this appeal from a conviction of attempting to break and enter a building with intent to- commit a misdemeanor, urges that the trial court erred in refusing to grant defendant’s motion to vacate sentence of two years when the maximum sentence which could legally be imposed was one year.
Two sections of Florida Statutes are pertinent to the issue being considered, viz.:
Section 810.05, Florida Statutes, F.S.A., delineates the prime offense charged, that is breaking and entering with intent to commit a misdemeanor. A conviction for committing this offense renders the lawbreaker subject to imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.
As observed at the outset, Fitz was tried and convicted of attempting to commit the offense defined in Section 810.05, which brings into play the Section 776.04, Florida Statutes, F.S.A., which provides for penalties to be imposed for attempts generally. In order to place the instant conviction in proper perspective, it is necessary to analyze each provision. Subsection (1) provides if the offense attempted to be committed is punishable with death, the person convicted shall be punished by imprisonment in the state prison not exceeding ten years. Subsection (2) provides if the offense to be committed is “ * * * punishable by imprisonment in the state prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year.” Subsection (3) provides if the offense “ * * * is punishable by imprisonment in the state prison for a term of less than five years, or by imprisonment in the county jail, or by fine, the person convicted of such attempt shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.”
Reverting to the basic offense, had Fitz been convicted of breaking and entering, he could have been sentenced by the trial judge to pay a fine not exceeding five hundred dollars or serve a few days in the county *764 jail, or serve a maximum of five years in the state penitentiary. Since Fitz was not convicted of the basic offense, but was convicted of an attempt to commit same, it is necessary to inquire into the provisions of Section 776.04. Subsection (1) is obviously applicable to the most heinous crimes regarded by man, since it deals with attempting to commit those crimes which if perpetrated are punishable by death. The legislature prescribed that the maximum punishment which may be imposed for attempting to commit such a crime would be 10 years. We now turn to subsection (2) which pertains to the next rung of ladder of serious crimes, for it deals with those crimes which are punishable “ * * * in the state prison for life, or for five years or more * * * ” The state urges that this subsection is applicable to the case at bar because the basic offense prescribes a penalty of “ * * * not exceeding five years * * * ” and reasons that a five year sentence may be imposed upon conviction which would bring it within the scope of the phrase contained in said subsection (2), “ * * * or for five years or more * * * ” As authority for its position, the state cites two decisions of the Second District Court of Appeal,[1] which clearly hold that the instant offense falls within the provisions of Section 776.04(2).
This court touched upon the question being considered in Williams v. State.[2] There Wigginton, speaking for the court, stated:
“We, therefore, hold that, although the evidence is sufficient to support a conviction of attempting to break and enter with intent to commit petit larceny, a misdemeanor under F.S. § 776.04(3), F.S.A., there is insufficient evidence to sustain a conviction of a felony.”
So, a direct conflict on the question exists between this court and the Second District Court of Appeal, the basic reason for such being the application of subsection (2) of Section 776.04 by the Second District to the basic crime of breaking and entering with intent to commit a misdemeanor and the application by this court of subsection (3) of Section 776.04 to said basic crime.
We have carefully reviewed the various provisions of Section 776.04 and conclude that the legislature by establishing three categories as set out in the subsections and by using in subsection (2) the language “ * * * imprisonment in the state prison for life, or for five years or more * * ” intended that this subsection should apply exclusively to attempts to commit those basic offenses which carry a sentence of imprisonment in the state prison for a term of more than five years to life. This subsection does not apply to the basic offense of breaking and entering with intent to commit a misdemeanor, because a conviction of this offense does not provide for a sentence of imprisonment in the state prison for more than five years. The more logical conclusion is that the legislature, in providing for a lesser penalty in subsection (3) of Section 776.04 if the offense attempted to be committed is punishable by imprisonment for a term of less than five years, contemplated that same wotíld be applicable to the instant offense.
Fitz has assigned two other points on this appeal which we have carefully reviewed and find to be without merit.
The cause is remanded with directions to the trial court to resentence the defendant in accordance with the provisions of Section 776.04(3) ; otherwise the judgment appealed is affirmed.
Affirmed in part and reversed in part.
WIGGINTON and CARROLL, DONALD, K., JJ., concur.

. Edge v. State, 170 So.2d 596, and Floyd v. State, 170 So.2d 599 (1965).

. Williams v. State, 101 So.2d 877 (1958).