DREW, Justice.
By conflict certiorari petitioner seeks review of a decision of the District Court of Appeal,[1] First District, reversing in part a two-year sentence for the offense of attempt to violate Sec. 810.05, which provides a penalty of imprisonment "not exceeding five years” for breaking and. entering with intent to commit a misdemeanor.
The applicable statute, F.S. Sec. 776.04, F.S.A., authorizes graduated sentences in part as follows: five years if the offense attempted is “punishable by imprisonment * * * for life, or for five years or more”; one year if the offense attempted is “punishable by imprisonment * * * for a term of less than five years.” (e. s.)
The appellate court in this case held the latter provision applicable, resulting in a decision that the crime attempted (punishable by sentence “not exceeding five years”) was one punishable by “a term of less than five years,” requiring that the sentence under 776.04, supra, be reduced to one year.
Certiorari has been granted because of conflict between the decision in this case and that in Edge v. State, Fla.App. 2nd Dist., 170 So.2d 596. We conclude, upon consideration of the statutory language and reasoning of the opinions, that the *842 court in Edge v. State properly construed and applied the cited statutes. The offense attempted, i. e. that proscribed by Sec. 810.05, supra, may under the terms of that statute be punished by imprisonment “not exceeding five years.” It is, therefore, an offense “punishable by imprisonment * * for five years” within the terms of Sec. 776.04. The penalty imposed by the trial court upon the attempt conviction in the present case was within the statutory authorization and should have been affirmed.
The judgment of the appellate court is quashed and the cause remanded for the entry of an order in accordance with this opinion.
CALDWELL, C. J., and THOMAS, ROBERTS and THORNAL, JJ., concur.
BARNS, PAUL D. (Retired), J., concurs specially with Opinion.
ERVIN, J., dissents with Opinion.

. 196 So.2d 762.