BARNS, PAUL D., Justice (Ret.)
(concurring specially):
This matter is before us on conflict certiorari, the conflict being between the decision of the lower court, Fitz v. State, Fla.App., 196 So.2d 762, and the decisions of Edge v. State, Fla.App., 170 So.2d 596, and Floyd v. State, Fla.App., 170 So.2d 599.
The respondent was convicted and sentenced to serve a two-year sentence of imprisonment upon a conviction of attempting to break and enter a building with intent to commit a misdemeanor, and petitioner urges that the maximum sentence authorized is two and one-half years and not one year as determined by the lower court.
Section 810.05, F.S.A. fixes the punishment for the basic offense for which the petitioner was convicted of the attempt to commit, which section provides:
“810.05 Breaking and entering with intent to commit a misdemeanor. — Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.” (Italics supplied)
Section 776.04, F.S.A. fixes the punishment for attempts to commit offenses as follows:
“776.04 Attempts, generally. — Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same shall, when no express provision is made by law for the punishment of such attempt, be punished as follows:
“(1) If the offense attempted to be committed is punishable with death, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceeding ten years.
“(2) If the offense attempted to be committed is punishable by imprisonment in the state prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year.
“(3) If the offense attempted to be committed is punishable by imprisonment in the state prison for a term of less than five years, or by imprisonment in the county jail, or by fine, the person convicted of such attempt shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.
“In no case shall the punishment by imprisonment exceed one-half of the greatest punishment which might have *843 been inflicted if the offense attempted had been committed.” (Italics supplied)
The foregoing statute seems to be comprehensive for the punishment of attempts of all crimes, except as otherwise provided by “express provisions”; it provides three categories measured by the extent to which the offender is “punishable” had the attempt been completed.
The first (1) category relates to such basic crimes as are “punishable with death”.
The second (2) category relates to such basic crimes as are “punishable by imprisonment in the state prison for life, or for five years or more”.
The third (3) category relates to such basic crimes as are “punishable by imprisonment in the state prison for a term of less than five years, or by imprisonment in the county jail, or by fine”. (Italics supplied)
PUNISHMENT
The authorized punishment for attempts to commit the basic crime in the three categories are:
Category (1): “imprisonment in the state prison not exceeding ten years”.
Category (2): “imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year”.
Category (3): “imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars”. (Italics supplied)
The intent of the statute is the guiding star governing its interpretation. We arrive at the intent by considering the language of the statute as a whole and the different parts as related to each other and the object motivating its enactment.
It is clear that categories (1) and (2) cover attempts to commit crimes punishable with death and crimes punishable with imprisonment “for life or for five years or more”, if consummated.
For the legislature to have stopped with categories (1) and (2) would have left attempts to commit a basic crime punishable for a term of less than five years imprisonment in the state prison, in the county jail, or by fine, not to be a crime. The intent seems clear that category (3) was added to cover what had not been covered by categories (1) and (2).
The foregoing construction requires that the lower court’s decision be quashed, and I respectfully concur.