WIGGINTON, Judge.
Defendant has appealed a judgment of conviction based upon his plea of guilty to the charge of breaking and entering with intent to commit a misdemeanor. Based upon this judgment the court sentenced appellant to imprisonment for a period of four years and committed him to the custody of the Division of Corrections. The sole point on appeal questions the legality of the sentence.
The statute under which appellant was charged with the crime for which he pleaded guilty is as follows:
“Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.”[1]
Appellant asserts that a conviction under the foregoing statute is a misdemeanor only and therefore the sentence which places him in the custody of the Division of Corrections for imprisonment in the state prison is illegal and should be set aside. Appellant supports his position by reference to the unreported decision of Brown v. State, Case 2481, opinion filed October 22, 1969. While it is true that in this case the Fourth District Court of Appeal held that a conviction for breaking and entering with intent to commit a misdemeanor as proscribed by F.S. Section 810.05, F.S.A., was only a misdemeanor and not a felony, the court subsequently granted rehearing in the case and reversed its position, ultimately holding that such *278 an offense is a felony.[2] The Fourth District Court of Appeal’s decision in Brown followed the decision previously rendered by the Supreme Court of Florida in the case of State v. Fitz.[3] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. F.S. § 810.05, F.S.A.

. Brown v. State, Case 2481 (Fla.App.1970) Opinion filed February 12, 1970, 232 So.2d 55.

. State v. Fitz, (Fla.1967) 202 So.2d 841.