## William Kennedy vs. The State of Florida.

1. Previous to the constitutional amendments of 1875, the Circuit Courts had no jurisdiction to try a party charged with a misdemeanor, except upon appeal from the county court, and a judgment of the Circuit Court upon a conviction for a misdemeanor tried upon indictment in that court, was void.

2. An indictment charging an " assault with intent to kill," charges a misdemeanor under an act of February 10, 1832, the penalty not being imprisonment in the State prison ; and the offense is not included in the provisions of Section 46, Chapter 3 of the Criminal Code of 1868.

Writ of error to the Circuit Court of Orange county.

No counsel appeared for the Appellant.

Attorney-General W. A. Cocke submitted the case on the part of the State.

RANDALL, C. J., delivered the opinion of the court.

Plaintiff in error was indicted for an " assault with intent to kill," under an act of February 10, 1832, (Thompson's Dig., 490,) the punishment for which is prescribed to be " by a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, at the discretion of the

jury." Accused was tried in April, 1875, and sentenced, upon conviction, to imprisonment in the State prison.

The statute of 1868, relating to crimes and punishment, provides that any crime punishable by death or imprisonment in the State prison is a felony, and every other offense is a misdemeanor.

The original jurisdiction of the Circuit Courts, as defined by the Constitution, (before the late amendments, which were adopted after the trial took place,) in criminal cases, was confined to the trial of felonies, (Section 8, Article VI,) and the appellate jurisdiction to the trial of misdemeanors upon appeal from the county court.

The offense charged in the indictment not being punishable by imprisonment in the State prison, is not a felony under the statute. The Circuit Court, therefore, had no original jurisdiction at the time of this trial, and the proceedings and judgment were void.

The Constitution gives the Supreme Court appellate jurisdiction in "criminal cases in which the offense charged amounts to felony." (Section 5, Article VI.) The jurisdiction being thus confined, we can neither affirm nor reverse the judgment, and the writ of error must be dismissed. (Suttton. vs. The State, 13 Fla., 670.)

The offense here charged is not included in the provisions of Section 46, Chapter 3, of "an act to provide for the punishment of crime and proceedings in criminal cases," approved August 6, 1868.

Writ of error dismissed.