ANSON Z. BAITS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 20, 1888.*

1. CRIMINAL LAW—*whether felony, or only a misdemeanor—general rule.* Where an offence may be punished by imprisonment in the penitentiary, or by fine, only, in the discretion of the court or jury, it is only a misdemeanor.

2. SAME—*conspiracy—when only a misdemeanor.* So the offences created by paragraphs 73 and 74 of section 46 of the Criminal Code, which define what is a conspiracy, and prescribe the punishment therefor, are only misdemeanors.

3. APPEALS AND WRITS OF ERROR—*in case of misdemeanor—jurisdiction.* Where the offence of which a party is convicted is only a misdemeanor, this court has no jurisdiction of an appeal or writ of error to review the judgment for error, but the case must in the first instance go to the Appellate Court.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. F. M. GUINN, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, and Mr. J. M. ALBERT, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment under paragraphs 73 and 74, section 46, of the Criminal Code. (Starr & Curtis' Stat. p. 769.) The punishment provided for a violation of paragraph 73 is imprisonment in the penitentiary not exceeding three years, or a fine not exceeding $1000. Under paragraph 74, the punishment provided when a person is convicted, is a fine of not less than $100 and not more than $5000, and imprisonment, either in the penitentiary or county jail, for a period not exceeding two years. Sections 5 and 6, chapter 38, of the Criminal Code, (Starr & Curtis, 829,) provide: "A felony is an offence punishable with death, or by imprisonment in the penitentiary. * * * Every other offence is a misdemeanor."

This statute was before us in *Lamkin* v. *The People*, 94 Ill. 501, and we there held, when the offence may be punished by imprisonment in the penitentiary, or by fine, only, in the discretion of the court or jury, it is only a misdemeanor. Here the plaintiff in error sued out the writ of error directly from this court to the circuit court, and the defendant having been convicted of a misdemeanor, the question is raised whether this court has jurisdiction. Section 88 of the Practice act is conclusive of the question. That act declares, appeals from and writs of error to circuits courts, the Superior Court of Cook county, the Criminal Court of Cook county, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court. The offence charged in the indictment, of which the defendant was con-

victed, being a misdemeanor, he could not sue out a writ of error in this court, but, under the plain reading of the statute, he was bound to go to the Appellate Court.

The writ of error will be dismissed. Leave will be given plaintiff in error to withdraw record, abstracts and briefs, to be used in the Appellate Court, if he desires.

*Writ of error dismissed.*