(No. 20242.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES E. ANDERSON, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

GEORGE W. SPRENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT A. BARNES, State's Attorney, and JOEL C. FITCH, (BARNES & MAGOON, of counsel,) for the People.

Mr. COMMISSIONER PARTLOW reported this opinion:

On May 27, 1929, the grand jury of Marshall county returned an indictment against plaintiff in error, Charles E. Anderson, charging that he failed and refused to pay

over and deliver to his successor, as county treasurer, funds of the county of the value of $23,719.40. He was tried, convicted and sentenced to the penitentiary, and has sued out a writ of error from this court to review the record.

There is no bill of exceptions in the transcript of the record other than what plaintiff in error calls a common law bill of exceptions. The only matters incorporated in the so-called common law bill of exceptions are the ruling of the court on the motion to strike the bill of particulars from the files and the ruling of the court on the plea of the Statute of Limitations. None of the evidence, instructions or other incidents of the trial are in the bill of exceptions, consequently such other matters are not before this court for review. The only question before this court is the contention of plaintiff in error that the alleged offense, if any, was barred by the Statute of Limitations.

The indictment in this case was under section 215 of division 1 of the Criminal Code, (Cahill's Stat. 1929, p. 965,) which is as follows: "If any State, county, town, municipal or other officer or person, who now is or hereafter may be authorized by law to collect, receive, safely keep or disburse any money, revenue, bonds, mortgages, coupons, bank bills, notes, warrants or dues, or other funds or securities belonging to the State, or any county, township, incorporated city, town or village, or any State institution, or any canal, turnpike, railroad, school or college fund, or the fund of any public improvement that now is or may hereafter be authorized by law to be made, or any other fund now in being or that may hereafter be established by law for public purposes or belonging to any insurance or other company or person required or authorized by law to be placed in the keeping of any such officer or person, shall fail or refuse to pay or deliver over the same when required by law, or demand is made by his successor in office or trust, or the officer or person to whom the same should be paid or delivered over, or his agent or attorney,

authorized in writing, he shall be imprisoned in the penitentiary not less than one nor more than ten years: Provided, such demand need not be made when, from the absence or fault of the offender, the same cannot conveniently be made: And, provided, that no person shall be committed to the penitentiary under this section, unless the money not paid over shall amount to $100, or if it appear that such failure or refusal is occasioned by unavoidable loss or accident. Every person convicted under the provisions of this section shall forever thereafter be ineligible and disqualified from holding any office of honor or profit in this State."

The indictment originally consisted of six counts, but the third, fifth and sixth counts were *nollied*. The first count charged that plaintiff in error was treasurer of the county of Marshall from December 4, 1922, to December 6, 1926, and that on December 6, 1926, after his term of office had expired and his successor had qualified, plaintiff in error unlawfully, willfully and feloniously failed and refused to pay over to his successor the funds of the county which he had received, amounting to $23,719.40, such failure and refusal not being occasioned by unavoidable loss or accident. The second count was substantially the same as the first, the charge being that plaintiff in error failed and refused to pay over and deliver, and still does fail and refuse to pay over and deliver, the funds. The fourth count differs from the first in that it charges that on May 1, 1928, plaintiff in error failed and refused to pay over and deliver the funds to his successor in office, plaintiff in error being then and there absent from the State of Illinois so that demand could not conveniently be made for the same.

A motion to quash the indictment was overruled. Plaintiff in error in his brief assigns no reason why the indictment is defective other than that it was not returned within the period provided by the statute. He filed a plea

to that effect. In the bill of exceptions this plea is set out and referred to as a motion. Plaintiff in error insists that he was convicted of a misdemeanor, and that the indictment was returned twenty-nine months after the alleged crime was alleged to have been committed; that an indictment charging an offense under section 215 must be returned within eighteen months after the commission of the offense; that the section provides that "no person shall be committed to the penitentiary under this section, unless the money not paid over shall amount to $100," and as no specific penalty is provided in such case the offense must be considered as a misdemeanor and punished under section 6 of division 2 of the Criminal Code, (Cahill's Stat. 1929, p. 985,) which provides that where the performance of any act is prohibited by any statute and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor and may be punished by fine not exceeding $100, or imprisonment in the county jail not exceeding six months, or both, in the discretion of the court. The argument is that the offense defined may be punished otherwise than by death or by imprisonment in the penitentiary and is therefore not a felony but is a misdemeanor.

An indictment must allege the commission of the offense on a certain date, which must be within the time fixed by law for the prosecution of the offense. On the trial the date alleged includes any time within the Statute of Limitations, but in determining the sufficiency of the indictment upon motion to quash, the date alleged must be taken as the true one, and if the indictment charges the commission of an offense on a date prior to the period of limitation fixed by the statute it is bad on its face and should be quashed. *People* v. *Rhodes,* 308 Ill. 146; *People* v. *Hallberg,* 259 id. 502; *People* v. *Weinstein,* 255 id. 530; *Lamkin* v. *People,* 94 id. 501; *Garrison* v. *People,* 87 id. 96.

Section 5 of division 2 of the Criminal Code (Cahill's Stat. 1929, p. 985,) defines a felony as an offense punish-

able with death or by imprisonment in the penitentiary. Section 6 of the same division provides that every other offense is a misdemeanor. Where the punishment prescribed for an offense is punishment by imprisonment in the penitentiary, or by imprisonment in the county jail, or by fine, the offense is not a felony but is a misdemeanor. *People* v. *Stavrakas,* 335 Ill. 570; *Baits* v. *People,* 123 id. 428.

The only punishment prescribed by section 215 of the Criminal Code for the offenses therein defined is imprisonment in the penitentiary. It is provided that no person shall be committed to the penitentiary under that section unless the money not paid over shall amount to $100 or if it appears that such failure or refusal is occasioned by unavoidable loss or accident. It will be observed that under this provision no penalty is provided, and therefore the penalty must be under section 6 of division 2 of the Criminal Code above set out. Plaintiff in error construes this provision to mean that if the funds withheld are less than $100 then the offense is one punishable by imprisonment in the county jail or by fine, or both. Even if this is the proper construction of this provision it does not follow that this offense is a misdemeanor. The indictment charges that the funds withheld amounted to $23,719.40, and the jury found that to be the amount of the funds withheld. Section 215 provides only for punishment for the offense where the funds withheld are $100 or more, and that is imprisonment in the penitentiary. In such case neither the court nor the jury in fixing the punishment is given any right or discretion to fix it otherwise than by imprisonment in the penitentiary. This statute is analogous to the statute for larceny, where the punishment is fixed at imprisonment in the penitentiary if the property stolen exceeds $15 in value or is taken from the person of another; and the punishment is by imprisonment in the county jail, or at labor, or by fine, if the property stolen was not taken from

the person of another and is of the value of $15 or less. An indictment charging larceny of property exceeding $15 in value charges a felony. *People* v. *Rhodes, supra.*

This case is not analogous to cases in which the punishment is imprisonment in the penitentiary or fine, or where the punishment is a fine and imprisonment in the penitentiary or the county jail. In such cases the court or jury in fixing the punishment has a discretion to fix the punishment otherwise than by imprisonment in the penitentiary, whereas under section 215 of the Criminal Code, where the funds withheld amount to $100 or more, there is no discretion in either the court or the jury to fix the punishment otherwise than by imprisonment in the penitentiary. If section 215 creates two offenses, one in which the amount withheld is $100 or more and one in which the amount withheld is less than $100, then the offense of withholding $100 or more is clearly a felony because the punishment provided is imprisonment in the penitentiary. If the statute creates only one offense and does not apply to cases where less than $100 is withheld then the offense defined is a felony.

In none of the counts of the indictment was the offense alleged to have been committed before December 6, 1926. The indictment was returned on May 27, 1929, less than three years after the date on which the offense was alleged to have been committed. The offense alleged was a felony. The period of limitation in cases of felony is three years. (Crim. Code, div. 4, sec. 3; Cahill's Stat. 1929, p. 990.) The indictment was returned within the period prescribed by the statute and the court did not err in so holding.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*