L. F. CHAPMAN, Superintendent State Prison, v. FORREST LAKE.

151 So. 399.

Opinion Filed December 20, 1932.
Opinion on Rehearing Filed November 16, 1933.

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *A. S. Crews,* State Attorney, for Plaintiff in Error; *S. W. Getzen* and *H. S. White,* for Defendant in Error.

WHITFIELD, J.—The writ of error herein was allowed and taken under the statute to a final order made in habeas corpus proceedings before the Circuit Judge in Union County in which county the State Prison is located. The court held the sentence of the petitioner to imprisonment in the State Prison to be void, and ordered that the petitioner "be taken before the Circuit Court in due course for a proper sentence."

The petitioner was convicted in the Circuit Court for Seminole County and sentenced to "be confined at hard labor in the State Prison of the State of Florida, for and during the period of three years."

The statute provides that every person who violates its provisions "shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment for not more than ten years." Section 7251 (5150), Compiled General Laws.

It is contended that as the statute does not specifically state that the imprisonment shall be in the State Prison or State Penitentiary, that the imprisonment should be in the county jail. Walden v. State, 50 Fla. 151, 39 So. 151, is relied upon. In that case the statute provided for punishment "by imprisonment not more than ten years, or by fine not exceeding two thousand dollars, or by both fine and imprisonment." Section 1, Chapter 4965, Acts of 1901. The statute there did not make the offense a felony and did not provide for imprisonment in either the State Penitentiary or in the county jail; therefore, Section 7103 (5004), Compiled General Laws, required the imprisonment to be in county jail as for a misdemeanor, and not in the State Prison as for a felony.

The Constitution provides that "the term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State penitentiary." Section 25, Article XVI.

The statutes contain the following:

"Whenever punishment by imprisonment is prescribed and the said imprisonment is not expressly directed to be in the State prison, it shall be taken and held to be imprisonment in the county jail, and whenever the punishment is prescribed to be fine or imprisonment (whether in the State prison or county jail), in the alternative, the court may, in its discretion, proceed to punish by both fine and such imprisonment." Section 7103 (5004), Compiled General Laws.

"Any crime punishable by death, or imprisonment in the State prison, is a felony, and no other crime shall be so considered. Every other offense is a misdemeanor." Section 7105 (5006), Compiled General Laws.

In this case the statute expressly provides that every

person violating the section "shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment for not more than ten years." As under the Constitution the term felony shall be construed to mean any criminal offense punishable with death or imprisonment in the State penitentiary, and as under Section 7105 (5006), Compiled General Laws, a crime punishable by death or imprisonment in the State prison is a felony, Section 7251 (5150), Compiled General Laws, in making the offense a felony followed by the imposition of a penalty of "imprisonment for not more than ten years," necessarily means imprisonment in the State penitentiary as for a felony and not imprisonment in the county jail as for a misdemeanor; and Section 7103 (5004), Compiled General Laws, is not controlling as it was in the Walden case, *supra*.

If under Section 25, Article XVI, of the Constitution, a felony is any criminal offense punishable with death or imprisonment in the State penitentiary, then under Section 7105 (5006), Compiled General Laws, any criminal offense punishable by death or imprisonment in the State prison is a felony; and if an offense is by statute made a felony; it is "punishable" by death or imprisonment in the State penitentiary; and when a criminal offense is made a felony by statute and the period of imprisonment is fixed by statute without stating the place of imprisonment, it means imprisonment in the State penitentiary. This is the necessary effect of Section 25, Article XVI, of the Constitution and of Section 7105 (5006), Compiled General Laws, upon the provision for imprisonment contained in Section 7251 (5150), Compiled General Laws, under which the defendant in error was convicted and sentenced to imprisonment in the State prison.

Reversed.

Terrell and Brown, J. J., concur.
Buford, C. J., and Ellis, J., dissent.
Davis, J., disqualified.

## On Rehearing.

E. C. Love, Circuit Judge.—The writ of error in this case was taken to a final order made in habeas corpus proceedings by the Circuit Judge in Union County, where the State prison is located, and in which institution the defendant in error was then confined, under a sentence of imprisonment in the State prison. In the habeas corpus proceedings the said sentence was held void, and it was ordered that petitioner "be taken before the Circuit Court in due course for a proper sentence under the conviction of aiding and abetting in the making false entries in bank book." From this order plaintiff in error sued out a writ of error.

Defendant in error was convicted in the Circuit Court of Seminole County, under an indictment charging him with aiding and abetting in the making of a false entry in the Day Book of a bank and was sentenced to "be confined at hard labor in the State prison of the State of Florida for and during the period of three years." The statute under which defendant in error was convicted provides that every person who violates its provisions "shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment for not more than ten years." Section 7251 (5150), Compiled General Laws.

In an opinion heretofore filed herein in which three members of this Court concurred, two dissenting and one being disqualified, the final order in the habeas corpus proceedings was reversed on the ground that as under Section 7251 (5150), Compiled General Laws, the offense therein denounced was expressly termed and named "a felony" and

imposed a penalty of "imprisonment for not more than ten years," the place of imprisonment was necessarily in the State prison as for a felony, the Constitution providing in Section 25, Article XVI, that "the term felony whenever it occurs in the Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State penitentiary." We are now urged to review this holding.

The single proposition presented for determination in this case is: Does the fact that Sec. 7251 (5150), Comp. Gen. Laws, in failing to designate in the clause providing for pun-. ishment for the infraction of said statute, that the place of imprisonment shall be, *ipsissimis verbis* "in the State prison" for the prescribed term, being the offense denounced within the class of crimes designated as misdemeanors, or in the face of this omission may such offense nevertheless be held to be a felony?

Section 25, Article XVI, of the Constitution provides that, "the term felony," whenever it may occur in this Constitution or the laws of the State, shall be construed to mean any criminal offense punishable by imprisonment in the State penitentiary."

Section 7103 (5004), Comp. Gen. Laws, provides that, "whenever punishment by imprisonment is prescribed and the said imprisonment is not expressly directed to be in the State prison, it shall be taken and held to be imprisonment in the county jail; and whenever the punishment is prescribed to be fine or imprisonment (whether in the State prison or county jail) in the alternative, the Court may, in its discretion, proceed to punish by both fine and such im-. prisonment."

Section 7105 (5006), Compiled General Laws, provides that, "Any crime punishable by death or imprisonment in the

State prison is a felony and no other crime shall be. Every other offense is a misdemeanor."

As under our system of laws, aside from treason, there are but two general classes of offenses, felonies and misdemeanors, it is contended that under the statutory and constitutional provisions, above cited, it is an essential requisite to constitute a crime a felony, that the statute creating the offense shall provide that the punishment for the violation thereof, shall be imprisonment, in so many words "in the State prison," and failing therein the legislative designation of the class of the offense is without effect, meaningless and void, it being asserted that it is not the mere name of the crime that characterizes its grade, but the punishment thereof.

It may be stated, as an accepted general proposition of law, that the Legislature, within constitutional limitations, has the inherent power to prohibit and punish any act as a crime and having the power to create and punish an offense, can there be any doubt that it has power also to fix the grade or class of the offense?

The common law definition of the word "felony" is not applicable in this State, and therefore the necessity of some provision in our laws establishing some authoritative meaning to that class of crimes designated by the Constitution and statutes as "felonies."

With that end in view, Sec. 1, Sub-Chap. 11, Chapter 1637, Acts of 1868, now Sec. 7105, Comp. Gen. Laws, *supra,* was enacted by the Legislature, and subsequently it was in substance incorporated in Sec. 25, Art. XVI, of the Constitution of 1885.

A consideration of these provisions leads us to the conclusion that they constitute a rule of construction in those cases where the term "felony" appears in the Constitution

and statutes, and whereby in the absence of any expression by the Legislature as to what the grade or class of the offense may be, further than by fixing the punishment, then the punishment will fix the grade. If punishment by imprisonment for the offense is such that the offender may be incarcerated in the State prison it is a felony, and doubtless it is true that a statute failing to provide the punishment for a stated crime to be death or imprisonment in the State prison, or failing to declare that the offense therein defined, shall be a felony, creates only a misdemeanor. Walden v. State, 50 Fla. 151, 39 Sou. Rep. 151. But when the Act of the Legislature expressly states the offense therein defined to be a "felony" as in Sec. 7251 (5150), Comp. Gen. Laws, *supra*, the Legislature itself names the grade of the offense by providing expressly that it is a "felony," and thereby has not left the question open to controversy, or construction, but defined, designated and classified the offense as a felony. See State *ex rel.* Butler v. Foster, 187 Mo. 590, 86 S. W. Rep. 245. The statute is self construing. In our judgment the language of the statute with reference to the grade of the crime in designating it as a "felony" is susceptible of but one construction. Its meaning is not doubtful and the Court has no other duty than to give it effect. Fine v. Moran, 74 Fla. 417, 77 Sou. Rep. 533.

While this Section does not in express terms provide the place of imprisonment, yet in effect it does so by providing that the offense therein prescribed shall be a felony. In re: Pratt, 19 Col. 138, 34 Pac. Rep. 680, wherein a constitutional provision of Colorado reading as follows: "The term felony wherever it may occur in this constitution or the laws of the State, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other," was held to provide that "all felonies not

capital are made punishable by confinement in the peniten-
tiary." The words, "and none other," in the Colorado
Constitution do not appear in ours, but serve only to em-
phasize the exclusiveness of the class of crimes therein
defined, and do not serve to materially differentiate between
those similar provisions of the two Constitutions. And see
State *ex rel.* Butler v. Foster, 187 Mo. 590, 86 S. W. Rep.
245.

It is here urged that Section 7251 (5150), Comp. Gen.
Laws, being a penal law, it must be strictly construed and
according to its letter. Such is the general rule, and "noth-
ing is to be regarded as included within it that is not within
its letter as well as its spirit; nothing that is not clearly and
intelligently described in the very words of the statute as
well as manifestly intended by the Legislature. And where
a statute of this kind contains such an ambiguity as to leave
reasonable doubt of its meaning, where it admits of two
constructions, that which operates in favor of life and
liberty should be preferred." *Ex parte* Bailey, 39 Fla. 734,
23 Sou. Rep. 552.

In Snowden v. Brown, 60 Fla. 212, 53 Sou. Rep. 548, it
was held that "Statutes prescribing punishments and penal-
ties should not be extended further than their terms reason-
ably justify." But this rule of strict construction is sub-
ordinate to the rule of reasonable, sensible construction,
having in view the legislative purpose and intent, and giving
effect to the same. It is not to be so unreasonably applied
as to defeat the true intent and meaning of the enactment
found in the language actually used. Such is the settled
rule in this State, as announced in State v. Atlantic Coast
Line R. Co., 56 Fla. 617, 47 Sou. Rep. 969, 32 L. R. A.
(N. S.) 639, where it is said: "In construing legislative
enactments, whether penal or remedial, the vital intention

of the lawmakers, as gathered from the language and purpose of the Acts, is the guiding star, and every portion of the Act should be given its proper effect." This statement of the rule was approved and quoted in Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 Sop. Rep. 595, and in which it was held, "that statutes in derogation of the common law and penal statutes are not to be construed so strictly as to defeat the obvious intention of the Legislature, as found in the language actually used, according to its true intent and obvious meaning."

In the light of these rules of construction, no other intent or purpose can be imputed to the Legislature than that of making the offense prescribed in Sec. 7251 (5150) Comp. Gen. Laws, a felony, when it definitely and expressly terms, names and classifies the offense as a "felony." Any other construction would deprive the language here used of its obvious and accepted meaning, would defeat the legislative intent and purpose of the enactment as plainly expressed by the language there used and would render meaningless and nugatory a word which has a clear and definite meaning.

Therefore as under the Constitution the word "felony" shall be construed to mean any criminal offense punishable with death or imprisonment in the State penitentiary, and as under Sec. 7105 (5006), Comp. Gen. Laws, a crime punishable by death or imprisonment in the State prison is a felony, Section 7251 (5150), Comp. Gen. Laws, in expressly naming the offense a "felony," and imposing a penalty of "imprisonment for not more than ten years," necessarily means imprisonment in the State prison as for a felony and not imprisonment in the county jail as for a misdemeanor; and therefore Section 7103 (5004) does not apply nor is it controlling as it was in Walden v. State, *supra.*

. . We think there is no repugnancy between Sections 7103 (5004), 7105 (5006), and 7251 (5150), Compiled General Laws, as the two former Sections announce a general rule, whereby in the absence of any expressions by the Legislature as to what the grade of the offense shall be, further than by fixing the punishment therefor, then the punishment will determine the grade. .

Whereas the Legislature in the last stated Section, has not left it open to construction but defined and classified the offense as a felony.

The final order in the habeas corpus proceedings is therefore reversed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., and CAMPBELL, Circuit Judge, concur.

DAVIS, C. J., disqualified.

ELLIS, J., disabled by illness when this case was argued and submitted to the Court.