REED, Judge.
This is an appeal from a judgment and sentence entered in the Criminal Court of Record for Orange County, Florida, under an information charging the defendant-appellant with a violation of Section 790.23, F.S.1967, F.S.A., by the possession of a pistol after a felony conviction. The information alleged that the defendant had been convicted on 9 March 1960 in the Criminal Court of Record for Orange County, Florida, under information number 77312 of the crime of breaking and entering a building with the intent to commit a misdemeanor. The information also alleged that subsequent to the conviction, the defendant on 12 July 1965 was found to have had a pistol in his possession.
The defendant pled not guilty and was tried by a jury and found guilty as charged. The defendant was represented by counsel at the time of arraignment and trial.
The defendant’s points on appeal basically question the sufficiency of the evidence to sustain the jury verdict.
In support of his points on appeal the defendant argues that his arrest without a warrant was illegal; therefore, the gun which was taken from his person as an incident to that arrest was illegally seized and not admissible in evidence. We do not need to pass on the legality of the arrest. The record reveals that the defendant waived any objection which he might have had to the introduction of the gun. After a proper predicate was laid, the state offered the gun and bullets in evidence, and the defendant expressly stated “no objection”. Having thus failed to raise the objection in the trial court, the defendant has waived any objection which he might otherwise have had to the introduction of the evidence. Robertson v. State, 1927, 94 Fla. 770, 114 So. 534; Shea v. State, Fla.App.1964, 167 So.2d 767.
Next the defendant contends that his prior conviction was not shown by the state to have been a felony. At the trial of the present case the prior conviction of the defendant was proved by the introduction into evidence of minute book entries which related to the prior conviction. Also the state introduced the information under which the prior conviction was obtained. The prior conviction was, therefore, properly proved. Shargaa v. State, Fla.1958, 102 So.2d 809. The sentence of the court in the previous conviction appears from the minute book entries to read as follows:
“You, Dallas Griffin, having entered a plea of guilty to the crime of breaking and entering with intent to commit a misdemeanor and petit larceny as charged in the first and second counts of the Information, the Court adjudicates you to be guilty of said crime as charged in said count of the Information; further ordered and adjudicated that you would be imprisoned by confinement, and committed to the Division of Corrections for two years from November 21, 1959 with the recommendation that the defendant be transferred to Apalachee Institute.”
The minute book entry demonstrates that the prior conviction was for the crime of breaking and entering a building with the intent to commit a misdemeanor. At the time of this conviction Section 810.05, F. S.1959, F.S.A., provided that for such *895 crime a person could be punished by imprisonment in the state prison or county jail not exceeding five years or by fine not exceeding $500.00. At the time of that conviction, Section 775.08, F.S.1959, F.S. A., defined a felony as, “Any crime punishable by death, or imprisonment in the state prison * * * ” (Emphasis added.) The definition does not hinge on what punishment is actually given, but what punishment is authorized. Chapman v. Lake, 1932, 112 Fla. 746, 151 So. 399. Imprisonment in the state prison was authorized for the commission of the crime of breaking and entering with the intent to commit a misdemeanor; therefore, the crime was by definition a felony. The trial court correctly so concluded as a matter of law.
The defendant next asserts that the state failed to prove that at the time of the 1960 conviction for breaking and entering with the intent to commit a misdemeanor, Section 932.38, F.S.1959, F.S.A., was complied with. This statute requires notification to the parents prior to trial of an unmarried minor who is charged with a crime. On this basis, the defendant contends that his 1960 conviction was invalid or at least not proved to have been valid and, therefore, the present conviction is invalid. There are several answers to this argument. In the first place, there was no need for the state to initially prove the validity of the prior conviction. At this phase, the state’s burden was discharged when it offered in evidence a proper record of the prior conviction. Thereupon, the defendant was entitled to meet the state’s evidence by establishing the invalidity and, therefore, the evidentiary incompetency of the prior conviction. State v. Davis, Fla.1967, 203 So.2d 160. The defendant not only did not do this, but at the time the state offered evidence of the prior conviction, the defendant expressly stated “no objection”. For this reason, the defendant has waived any objection which he might otherwise have had to the introduction of the prior conviction in evidence.
Furthermore, the record before us does show that Section 932.38, F.S.1959, F.S.A., was complied with. The minutes of the court relating to the prior conviction reflect that at the time of arraignment in connection with that prior conviction the following occurred:
“Court opened at 9:30 A.M. January 13, 1960; * * * under number 77312, State versus Dallas Griffin, charged with breaking and entering with intent to commit a misdemeanor and petit larceny.
Defendant, together with his Counsel, Pete Ribaudo, appeared; defendant being a minor his parents also appeared. The defendant was arraigned and entered a plea of guilty whereupon an order was entered herein for pre-sentence investigation.” (Emphasis added.)
The record before us, therefore, contains an affirmative showing that the parents of the defendant were notified prior to his arraignment and that Section 932.38, F.S. 1959, F.S.A., was satisfied. Milligan v. State, 1933, 109 Fla. 219, 147 So. 260; Wade v. State, Fla.App.1966, 184 So.2d 462.
The other arguments presented by the defendant in support of his points on appeal have been reviewed and are considered by this court to be without merit and do not warrant discussion. The defendant has failed to make error appear; therefore, the judgment and sentence appealed from are affirmed.
Affirmed.
CROSS and OWEN, JJ., concur.