232 So.2d 55 (1970)
Calloway BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2481.
District Court of Appeal of Florida, Fourth District.
February 12, 1970.
Rehearing Denied March 17, 1970.
*56 Louis R. Bowen, Jr., Public Defender, and Chandler R. Muller, Asst. Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
REED, Judge.
The appellant, Calloway Brown, appeals from a conviction under F.S. 1967, Section 790.23, F.S.A., for the offense of possessing a pistol after a previous felony conviction. The previous conviction was for the crime of breaking and entering with the intent to commit a misdemeanor under F.S. 1965, Section 810.05, F.S.A. The appellant contends that breaking and entering with the intent to commit a misdemeanor is not a felony; therefore, his conviction under F.S. 1967, Section 790.23, F.S.A., is invalid in that a conviction under that statute must rest on proof of a prior felony conviction.
Hence the question before us is whether or not the crime of breaking and entering with the intent to commit a misdemeanor under F.S. 1965, Section 810.05, F.S.A., is a felony or a misdemeanor. Initially we concluded the crime was a misdemeanor and held that the judgment and sentence appealed from should be reversed. After a rehearing, we have concluded that our first decision was in error. We now conclude that the crime is a felony and affirm the judgment and sentence appealed.
There are three statutes which have a bearing on the issue. The first is F.S. 1965, Section 810.05, F.S.A., which defines the crime in question and provides penalties therefor. This statute reads:
"Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars."
*57 The next statute is F.S. 1965, Section 775.08, F.S.A. It defines felonies and misdemeanors in the following language:
"Any crime punishable by death, or imprisonment in the state prison, is a felony, and no other crime shall be so considered. Every other offense is a misdemeanor."
Finally, F.S. 1965, Section 775.06, F.S.A., must be considered, and its terms will be discussed infra.
Section 810.05 does not expressly classify the crime with which it deals as a felony or a misdemeanor. With respect to the place of imprisonment, the statute provides alternatives. Under the statute the trial court had the authority to punish by imprisonment in either the county jail or the state prison.
Section 775.08 defines a felony as any crime punishable by death, or imprisonment in the state prison. Under the language of this statute, given its plain and ordinary meaning, any crime for which a convicted person may be imprisoned in the state prison is a crime "punishable" by imprisonment in the state prison and, therefore, a felony  even though another place of imprisonment might also have been authorized as an alternative. Cf. State v. Fitz, Fla. 1967, 202 So.2d 841 and Chapman v. Lake, 1933, 112 Fla. 746, 151 So. 399, 402. See also Tidwell v. Circuit Court, 1942, 151 Fla. 333, 9 So.2d 630; Cox v. State, Fla. App. 1966, 190 So.2d 823; and Griffin v. State, Fla.App. 1969, 217 So.2d 893. Under F.S. Section 810.05, F.S.A., breaking and entering with the intent to commit a misdemeanor is a crime for which a convicted person may be imprisoned in the state prison and, therefore, is a felony by the terms of F.S. Section 775.08, F.S.A.
Our treatment of the question before us would not be complete without some consideration of F.S. Section 775.06, F.S.A. In pertinent part it provides:
"Whenever punishment by imprisonment is prescribed, and the said imprisonment is not expressly directed to be in the state prison, it shall be taken and held to be imprisonment in the county jail * * *." (Emphasis added.)
If the emphasized portion of this statute were literally construed, Section 775.06 could apply to a crime where alternate places of imprisonment were authorized because, where alternate places of imprisonment are authorized, imprisonment is not "expressly directed to be in the state prison" (emphasis added). And if the statute were applied to such a crime, the effect would be to require imprisonment in the county jail. Obviously this would eliminate the alternatives expressly provided in the statute defining the crime. Also the application of Section 775.06 to statutes providing alternative places of imprisonment would, by virtue of the last sentence in Section 775.08, convert into misdemeanors those crimes that are classified as felonies under the first sentence of Section 775.08. On the assumption that the legislature could not have intended such inconsistencies, we conclude that the quoted provisions of Section 775.06, when properly interpreted, apply only to crimes for which punishment by imprisonment is provided, but no place of imprisonment is specified.[1] This interpretation harmonizes Section 775.06 and Section 775.08 and allows each a reasonable sphere of operation. Also this interpretation preserves the alternatives as to place of imprisonment which the legislature has written into many criminal statutes.[2]
*58 When the question before us was originally presented, we thought it was controlled by the following language in Adams v. Elliott, 1937, 128 Fla. 79, 174 So. 731, 735:
"Where a crime may be punished as a misdemeanor or as a felony, all doubts will be resolved in the defendant's favor and the crime will be considered a misdemeanor * * *."
On a further study of the Adams case, we are convinced that the quoted language was merely dictum because the crime there under consideration was not punishable as a felony by imprisonment in the state prison, or as a misdemeanor by imprisonment in the county jail. The crime there under consideration was punishable by imprisonment, but no place of imprisonment was specified and the crime was not otherwise specifically designated as a felony or misdemeanor. The court held the crime to be a misdemeanor. In our opinion, the holding in Adams v. Elliott, supra, was controlled not by the language above quoted, but by F.S. Section 775.06, F.S.A. (then Section 7103, Compiled General Laws). This statute directed that the imprisonment be in the county jail, in which event, under Section 25 of Article XVI of the Florida Constitution of 1885[3] and F.S. Section 775.08, F.S.A. (then Section 7105, Compiled General Laws), the crime could only have been classified as a misdemeanor. In like manner we think the case of State v. Febre, 1945, 156 Fla. 149, 23 So.2d 270, originally relied on by us, can be reconciled with the position we now take.[4]
To summarize, it is our view that breaking and entering with the intent to commit a misdemeanor under F.S. 1965, Section 810.05, F.S.A., is a crime punishable by imprisonment in the state prison. It is, therefore, a felony under F.S. Section 775.08, F.S.A. As a felony, proof of breaking and entering with the intent to commit a misdemeanor will support a conviction under F.S. 1967, Section 790.23, F.S.A., for the offense of the possession of a pistol after a previous felony conviction. Hence, the judgment and sentence appealed from should be affirmed, and our original opinion herein is hereby vacated.
We view this decision as one passing on a question of great public interest and will, upon a proper application, so certify it, to facilitate a review of this decision by the Florida Supreme Court on certiorari under Rule 4.5(c) (6), F.A.R., 32 F.S.A.
Affirmed.
WALDEN, J., concurs.
McCAIN, J., dissents, with opinion.
McCAIN, Judge (dissenting).
Alone but with lowered visor and leveled lance, I again enter the arena of felonies and misdemeanors, attempting to obtain recognition of an old but unapplied construction pronounced by our State Supreme Court.
*59 The majority recedes from the view that breaking and entering with the intent to commit a misdemeanor is a misdemeanor, thereby desolating any construction of our constitution[1] and statute[2] defining felony and misdemeanor to the effect that where a crime may be punished as a misdemeanor or as a felony it is a misdemeanor. Otherwise stated, the majority construes that if a crime may be punished as a felony it is in fact a felony.
While laudable, logical and reasonable, this view was abrogated years ago by our State Supreme Court in Adams v. Elliott, 1937, 128 Fla. 79, 174 So. 731.
Adams is quoted in part, acknowledged to say what in fact it does say, but then the majority dismisses the quote as dictum. This I cannot do.
Adams was a civil action for damages, with error alleged in the sitting of a juror who had been convicted of a crime, where the act creating the offense failed to specify the place of incarceration (state prison or county jail). It determined the offense to be a misdemeanor and in doing so applied construction to conditions (1) where the offense may be punished as either a misdemeanor or as a felony and (2) where the place of imprisonment may not be specified. The court's ruling could have been entered upon either theory. Because it chose to construe both does not render it dictum, for in Parsons v. Federal Realty Corporation, 1931, 105 Fla. 105, 143 So. 912, 88 A.L.R. 275, it is stated:
"A ruling in a case fully considered and decided by an appellate court is not dictum merely because it was not necessary, on account of one conclusion reached upon one question, to consider another question the decision of which would have controlled the judgment.
"Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined."
The rationale of Adams, therefore, encompassed the basic consideration of whether a crime is a felony or a misdemeanor, going directly to the construction to be placed on F.S. Section 775.08, F.S.A., defining a felony to be any crime punishable by death or imprisonment in the state prison, with all other offenses being misdemeanors. Accordingly, its pronouncement is the principle of law involved.
To grasp the full import of Adams the shaft of understanding must be sunk deeper than the quote given by the majority and its entire statement on this point must be reviewed, as follows:
"* * * Where a crime may be punished as a misdemeanor or as a felony, all doubts will be resolved in the defendant's favor and the crime will be considered a misdemeanor only. 8 R.C.L. 56, § 6; note, 8 Ann.Cas. 822." (Emphasis added.)
From simply these words, the conclusion is handily drawn that a crime punishable as either a felony or misdemeanor is a misdemeanor. Nevertheless, Adams closed *60 the lid and drove the final nail by citing authoritative references in support of its conclusion. Parenthetically, these citations should remove any doubt concerning dictum.
Tracking the citations, we find 8 Ruling Case Law 55, 56, § 6, Felony and Misdemeanor, to state:
"* * * `At the present time, whether a criminal act is to be classed as a felony or a misdemeanor usually depends on the character of the punishment provided by the statute defining the crime * * * as a general rule, all crimes punishable by death or imprisonment in a state prison are felonies and all others are misdemeanors. In applying this test, courts have declared that where a crime may be punished as a misdemeanor or as a felony it will be considered to be a misdemeanor only.[23] Such a construction is in line with the well recognized principle that a penal statute must be construed strictly in favor of the accused * * * one of the practical results of applying this rule will be seen, when it is remembered that in some states a conviction of a felony brings certain disabilities, such as the loss of the elective franchise and the right to hold public office. * * *'
[23] Note: 8 Ann.Cas. 822."
and 8 Annotated Cases 822, contains this annotation:
"In Illinois the rule is that where an offense may be punished by imprisonment in the penitentiary, or by a fine only, in the discretion of the court or jury, it is a misdemeanor. Lamkin v. People, 94 Ill. 501; Baits v. People, 123 Ill. 428, 16 N.E. 483." (Emphasis added.)
Adams therefore aligned itself with the Illinois courts in construing offenses carrying alternative punishments to be misdemeanors. In Baits v. People, 1888, 123 Ill. 428, 16 N.E. 483, the Supreme Court of Illinois, stated:
"* * * Sections 5, 6, c. 38, Crim.Code, (Starr & C.St. 829), provide: `A felony is an offense punishable with death or by imprisonment in the penitentiary.' `Every other offense is a misdemeanor.' This statute was before us in Lamkin v. People, 94 Ill. 501, and we there held that when the offense may be punished by imprisonment in the penitentiary or by fine only, in the discretion of the court or jury, it is only a misdemeanor. * * * The offense charged in the indictment, of which the defendant was convicted, being a misdemeanor, he could not sue out a writ of error in this court, but, under the plain reading of the statute, he was bound to go to the appellate court. * * *" (Emphasis added.)
In Illinois as recently as November 22, 1968, in People v. Novotny, 1968, 41 Ill.2d 401, 244 N.E.2d 182, it was stated:
"* * * [B]oth the State and defense counsel characterize the original charge as a felony. The record contains only one complaint, a partially printed and partially typed form, which charged defendant with aggravated battery, an offense for which the alternative penalties provided may be imprisonment in the penitentiary for 1 to 10 years or imprisonment in a penal institution other than the penitentiary for not to exceed one year. (Ill. Rev. Stat. 1967, chap. 38, par. 12-4(a).) Under our decisions prior to adoption of the Criminal Code of 1961 the presence of the alternative penalty of imprisonment other than in the penitentiary rendered the offense a misdemeanor. (Lamkin v. People, 94 Ill. 501; Baits v. People, 123 Ill. 428, 16 N.E. 483; People v. Stavrakas, 335 Ill. 570, 582, 167 N.E. 852.) Since no substantial difference exists between the definition of `felony' (Ill. Rev. Stat. 1961, chap. 38, par. 585) which preceded the 1961 Code and the one presently appearing therein (Ill. Rev. Stat. 1967, chap. 38, par. 2-7), it would seem that the decisions construing the former statutory *61 definition remain valid. * * *" (Emphasis added.)
Adams clearly stated its meaning. If such were not the legislative intent, it can be easily cured by legislative action, viz., declaration of intent and/or amendment. Therefore, Adams, should be considered by our Supreme Court, its promulgator, and our court has afforded the means to do so by agreeing to certify this cause as a matter of great public interest. I would also point out that the legislature, having the power to prohibit and punish an act as a crime, also has the power to designate the class of the offense, viz., felony or misdemeanor, and our court's duty then is to give it effect.[3]
The majority reviews F.S. 1965, Section 775.08, F.S.A., defining felonies and misdemeanors with Section 775.06, prescribing that when punishment is not expressly directed to be in the state prison it shall be deemed to be in the county jail (a misdemeanor), and concludes that if literally construed together the effect would be imprisonment in the county jail (a misdemeanor). The majority then assumes the legislature could not have intended this. Actually, the legislature only enacted that which our State Supreme Court had already determined. In Kennedy v. State, 1876, 15 Fla. 635, it was stated:
"Plaintiff * * * was indicted for an `assault with intent to kill' * * * the punishment for which is prescribed to be `by a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, at the discretion of the jury.' Accused was * * * sentenced to imprisonment in the State prison.
"The statute of 1868 relating to crimes and punishment provides that any crime punishable by death or imprisonment in the State prison is a felony and every other offense is a misdemeanor.
"* * *.
"The offense charged in the indictment not being punishable by imprisonment in the State prison is not a felony under the statute."
Therefore F.S. 775.06, F.S.A. only confirmed the court's earlier rulings that where the place of imprisonment was not designated it would be deemed to be the county jail. This left for construction the consideration of imposition of alternative places of imprisonment, which was determined by Adams.
This problem has not been limited to us. Across the country divergent views exist. Under statutes similar to ours, the majority of courts hold the offense to be a felony,[4] but one state regards such to be a misdemeanor.[5] A few courts deem alternative punishment offenses to be a felony before judgment,[6] but for all practical purposes becomes a misdemeanor if the misdemeanor penalty is imposed.[7] Some courts hold, regardless of sentence, only those crimes are felonies which were such at common law or have been so declared by statute.[8] Under the federal system the controlling feature lies in the maximum term of imprisonment which may be imposed *62 rather than the place of confinement.[9] Some statutes classify offenses according to punishment actually imposed.[10]
The majority refers to certain cases for support but they fail to surmount Adams.[11]
The majority also refers to other criminal statutes which would be affected by applying Adams. Unfortunately this is true and may be suggestive that investigation and action is required on many of our sentencing statutes.[12]
The rationale of Adams by eliminating as a felony those offenses punishable as either a misdemeanor or a felony removes F.S. 810.05, F.S.A., breaking and entering with the intent to commit a misdemeanor, from the felony classification since it permits imprisonment in the county jail.
The defendant, not being proved to be a felon, stands innocent, and I would therefore reverse and remand for his discharge.
In conclusion and in recognition of the crosive effects on the sands of time, this dissent, rather than an attempt to pour new wine into an old jug, attempts only to place the proper vintage on both a container and its contents, to-wit: Adams v. Elliott.
NOTES
[1] Note, however, that this statute would not apply to a crime for which imprisonment is provided without specification as to place of imprisonment where the offense is expressly designated a "felony" by the legislature. Chapman v. Lake, 1933, 112 Fla. 746, 151 So. 399.
[2] The following is a partial list of crimes which are not expressly classed as felonies or misdemeanors and for which imprisonment may be either in the county jail or in the state prison: F.S. 1967, Section 782.07, F.S.A., manslaughter; F.S. 1967, Section 784.04, F.S.A., aggravated assault; F.S. 1967, Section 795.02, F.S.A., enticing away for prostitution; F.S. 1967, Section 798.02, F.S.A., lewd and lascivious behavior; F.S. 1967, Section 799.01, F.S.A., bigamy; F.S. 1967, Section 806.08, F.S.A., burning crops and materials; F.S. 1967, Section 811.021, F.S.A., grand larceny; F.S. 1967, Section 811.10, F.S.A., second conviction of larceny.
[3] Section 25 of Article XVI of the Florida Constitution of 1885, F.S.A. (now Section 10 of Article X of the revised constitution) provided: "The term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State Penitentiary."
[4] In State v. Febre, supra, the crime involved was aggravated assault under F.S. 1941, Section 784.04, F.S.A. Under that statute imprisonment was prescribed, but no place of imprisonment was provided. Neither was the crime expressly designated as a felony. Hence under F.S. Section 775.06, F.S.A., the place of imprisonment became the county jail, and the crime was necessarily classed as a misdemeanor.
[1] Section 10, Art. X, Florida Constitution, 1968, defining felony: "The term `felony' as used herein and in the laws of this state shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in the state penitentiary," formerly Section 25, Art. XVI, reading: "The term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State Penitentiary." On the issue involved herein, no distinction can be placed on the different language used in these two provisions.
[2] F.S. 1965, 775.08, F.S.A., states: "Any crime punishable by death, or imprisonment in the state prison, is a felony, and no other crime shall be so considered. Every other offense is a misdemeanor."
[3] Chapman v. Lake, 1932, 112 Fla. 746, 151 So. 399.
[4] Borino v. (Lounsbury) General Registrars of Voters, etc., 1913, 86 Conn. 622, 86 A. 597; State v. Vashon, 1924, 123 Me. 412, 123 A. 511; State v. McLelland, 1925, 312 Mo. 68, 278 S.W. 981; State v. Young, 1922, 20 Okla. Cr. 383, 203 P. 484; Fletcher v. Commonwealth, 1934, 163 Va. 1007, 175 S.E. 895. See 95 A.L.R. 1112.
[5] People v. Anderson, 1930, 342 Ill. 290, 174 N.E. 391.
[6] Ex Parte Rogers, 1937, 20 Cal. App.2d 397, 66 P.2d 1237.
[7] People v. Hamilton, 1948, 33 Cal.2d 45, 198 P.2d 873; People v. Trimble, 1936, 18 Cal. App.2d 350, 63 P.2d 1173.
[8] Dutton v. State, 1914, 123 Md. 373, 91 A. 417 (assault with intent to rape held not a felony even though death penalty could be and was imposed).
[9] Roberson v. United States, 5 Cir.1957, 249 F.2d 737, 72 A.L.R.2d 434 (cert. den. 1958, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715). See 72 A.L.R.2d 434.
[10] State ex rel. Anderson v. Fousek, 1932, 91 Mont. 448, 8 P.2d 791. See 84 A.L.R. 303.
[11] State v. Fitz, Fla. 1967, 202 So.2d 841, involves the attempt statute and is not in point; Cox v. State, Fla.App. 1966, 190 So.2d 823, a sister court's opinion, does not involve consideration of Adams; Tidwell v. Circuit Court, 1942, 151 Fla. 333, 9 So.2d 630, does not involve this issue and was concerned with when a person could be convicted as a felon under F.S. 811.16, F.S.A., but punished as for a misdemeanor under F.S. 811.17, F.S.A.; Chapman v. Lake, 1932, 112 Fla. 746, 151 So. 399, involved an offense specifically designated as a felony and, "not * * * open for construction"; and in Griffin v. State, Fla.App. 1969, 217 So.2d 893, although by our court, suffice it to say I was not on the decisive panel, and in any event this case also does not consider, Adams.
[12] Excluding probation and considering imprisonment only, compare F.S. 921.18, F.S.A., the indeterminate sentence statute, where a convicted felon may serve only 6 months in the state penitentiary, with F.S. 1967, 817.311, F.S.A., unlawful use of badges, etc., where for conviction of a misdemeanor, one can serve up to 1 year in county jail. Then see F.S. 922.051, F.S.A. Compare also a conviction of manslaughter under F.S. 782.07, F.S.A. with living in adultery under F.S. 798.01, F.S.A., where each may serve only a few days in the county jail. Compare F.S. 811.16, F.S.A. with F.S. 811.17, F.S.A., where one prosecuted as for a felony under the former (for receiving stolen property) may be punished as for a misdemeanor under the latter. See also notes 6 and 7, supra. Observe where aggravated assault, F.S. 784.04, F.S.A. has run the gamut, i.e., originally a misdemeanor carrying up to 1 year imprisonment, then amended in 1955 to provide imprisonment in state prison not exceeding 5 years (a felony), and last amended in 1957 to provide imprisonment in state prison not exceeding 5 years or in county jail not exceeding 1 year. See F.S. 1967, 548.01, F.S.A., prize fighting, pugilistic exhibitions, a misdemeanor, where imprisonment is set in county jail for not more than 5 years.