PIERCE, Judge.
Appellant Joe Windall Williams appeals to this Court from an order denying his motion for post-conviction relief.
Williams was informed against in the Polk County Criminal Court of Record for breaking and entering and for resisting arrest. At all critical times, both in the trial Court and in this Court, he has been represented by the local Public Defender. Upon arraignment in the Court below he entered a plea of guilty, was adjudged guilty by the Court, and was sentenced to a term of thirty months in the State Prison on the breaking and entering charge, with sentence being reserved on the charge of resisting arrest.
Six months later, he filed in the trial Court his motion to vacate and set aside the aforesaid judgment and sentence upon the sole ground that the statute under which he was charged is only a misdemeanor punishable by imprisonment in the local County Jail. The motion was denied, and Williams has appealed to this Court from the order of denial.
F.S. section 810.05, F.S.A., pursuant to which this case was prosecuted, provides that “whoever breaks and enters * * * any building * * * with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.” (Emphasis supplied).
The 4th District Court, on October 24, 1969, in Brown v. State, 232 So.2d 55, held that the offense of which Brown had been convicted was a misdemeanor and not a felony, because it was punishable either in the County Jail as for a misdemeanor as well as in the State Prison as for a felony, and therefore his conviction and sentence for a felony was unauthorized. It was while this opinion by the 4th District Court in the Calloway Brown case was outstanding that Williams’ instant motion was filed in the trial Court.
However, the 4th District Court, on February 12, 1970, on rehearing of the same *787 case, reversed its decision on the legal point involved by majority opinion, and held that Brown’s sentence for a felony conviction was proper. See 232 So.2d 55.
The Calloway Brown case was thereupon certified to the Supreme Court as a case presenting a question of great public interest, and on June 24, 1970, the high State Court upheld the last majority opinion of the 4th District Court aforesaid and held that Brown had been convicted of a felony. Brown v. State, Fla., 237 So.2d 129.
The Supreme Court having therefore disposed of the only question raised by Williams in his motion for post-conviction relief in the instant case adverse to him, the order appealed from denying his said motion is—
Affirmed.
HOBSON, C. J., and McNULTY, J., concur.