The People of the State of Illinois, Plaintiff-Appellee, *vs.* John Donald Hise, Defendant-Appellant.

(No. 11409; 

Fourth District—August 3, 1971.

John F. McNichols, District Defender, Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Basil Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant John Donald Hise was indicted for Unlawful Use of Weapons, and the indictment alleged the possession of a firearm in a place licensed to sell intoxicating beverages in violation of sec. 24—1(a)(8), Ill. Rev. Stat. 1969, ch. 38, The indictment also charged that at the time of the offense, which occurred on December 10, 1969, the defendant had been convicted previously of a felony, and had been released from the penitentiary within five years prior to the commission of the offense charged in the indictment.

The penalty imposed by the statute for violation of sec. 24—1(a)(8), *supra,* is a fine not to exceed $500.00 or imprisonment in a penal institution other than the penitentiary not to exceed one year or both. The significance of the charge of prior conviction and release within five years is to be found in sec. 24—1(b), *supra,* which provides:

"A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary . . ., violates any Subsection of this Section shall be imprisoned in the penitentiary from one to 10 years."

The case was tried before a jury, and the jury was instructed that to sustain the charge of Unlawful Use of Weapons, the People were required to prove (in addition to other elements of the offense) "That the defendant was convicted of a felony under the laws of this State" and "That the defendant was released from the penitentiary within five (5) years of said offense."

The jury returned a verdict of guilty and the trial court imposed a sentence of five to ten years.

During the course of the trial the following stipulation, made by the People and by the defendant through his attorney, was stated to the jury:

"THE COURT: While the jury was at recess, a stipulation of fact was arrived at between the People and the defendant, which is as follows: It is stipulated that the defendant, John Donald Hise, was convicted of the *felony of forgery* in 1962, in the Circuit Court of Macon County, and was sentenced to the Penitentiary for an indeterminate term; was the same person on parole as charged in this cause. Is that the stipulation of the People?

MR. FICHTER: Yes, Your Honor.

THE COURT: And of the defendant?

MR. HURT: Yes, sir."

(Emphasis supplied.)

The People also introduced into evidence the record of the prosecution in the prior forgery conviction, and it disclosed that the offense was committed on December 29, 1961, and that the information, upon which he was prosecuted, was filed February 13, 1962, and that on February 14, 1962, defendant entered a plea of guilty and was sentenced one to fourteen years in the penitentiary.

Defendant urges, in this appeal, that the prior conviction for forgery was a conviction of a misdemeanor rather than for a felony and that this will not support the enhanced penalty provision of sec. 24—1(b) *supra*. The People argue that forgery is a felony and that the sentence was properly imposed.

The sole question before us then is whether or not defendant's conviction of forgery, on February 14, 1962, was a felony conviction. If it was the sentence imposed in this case was proper, *contra*, if the forgery conviction was for a misdemeanor the sentence imposed was without authority in law. We note that the issue raised here was never presented to the trial judge during the trial nor in post-trial motions, but since it affects the validity of the sentence we review the question as presented.

There is no dispute that on December 29, 1961, forgery was a felony,

since the statute then provided only for imprisonment in the penitentiary. Ill. Rev. Stat. 1959, ch. 38, par. 279.

The effective date of the Criminal Code of 1961 was January 1, 1962 (Ill. Rev. Stat. 1961, ch. 38, sec. 34—4). Under its provisions a person convicted of forgery may be fined not to exceed $1000.00 or imprisoned in the penitentiary from one to fourteen years or both. Ill. Rev. Stat. 1961, ch. 38, sec. 17—3(d).

Defendant's argument is that the law at the time of sentencing controls the penalty which may be imposed, citing *People v. Guagliata,* 362 Ill. 427, 200 N.E. 169; *People v. Hansen,* 28 Ill.2d 322, 192 N.E.2d 359; *People v. Wesley,* 78 Ill.App.2d 350, 223 N.E.2d 428, and the provisions of Ill. Rev. Stat. 1961, ch. 131, sec. 4, and the People do not contend that this is not the principle of law applicable to this case.

Was then the crime a forgery on December 14, 1962, a felony, or misdemeanor?

*Lamkin v. People,* 94 Ill. 501, appears to be the source of the rule in Illinois that where the penalty for an offense provides for the alternative of fine or imprisonment in a penal institution other than the penitentiary, *or* imprisonment in the penitentiary (emphasis supplied) the offense is a misdemeanor. The rule has been consistently adhered to by the Supreme Court of this State since its origin in *Lamkin, supra,* the most recent instance being found in *People v. Novotny,* 41 Ill.2d 401, 244 N.E.2d 182, and between *Lamkin* and *Novotny, supra,* the rule was reiterated in *Baits v. People,* 123 Ill. 428, 16 N.E. 483; *People v. Stavrakas,* 335 Ill. 570, 167 N.E. 852; *People v. Bain,* 359 Ill. 455, 195 N.E. 42; *People v. O'Connor,* 414 Ill. 51, 110 N.E.2d 209; *People v. Spector,* 28 Ill.2d 554; *People v. Guagliata,* 362 Ill. 427, 200 N.E. 169; *People v. Hansen,* 28 Ill.2d 322, 192 N.E.2d 359.

In *Novotny, supra,* the court said:

"The record contains only one complaint, a partially printed and partially typed form, which charged defendant with aggravated battery, an offense for which the alternative penalties provided may be imprisonment in the penitentiary for 1 to 10 years or imprisonment in a penal institution other than the penitentiary for not to exceed one year. (Ill. Rev. Stat. 1967, chap. 38, par. 12—4(a).) Under our decisions prior to adoption of the Criminal Code of 1961 the presence of the alternative penalty of imprisonment other than in the penitentiary rendered the offense a misdemeanor. (*Lamkin v. People,* 94 Ill. 501; *Baits v. People,* 123 Ill. 428, 16 N.E. 483; *People v. Stavrakas,* 335 Ill. 570, 582, 16 N.E. 852.) Since no substantial difference exists between the definition of 'felony' (Ill. Rev. Stat. 1961, chap. 38, par. 585)

which preceded the 1961 Code and the one presently appearing therein (Ill. Rev. Stat. 1967, chap. 38, par. 2—7), it would seem that the decisions construing the former statutory definition remain valid. This does not, however, alter our disposition of the case, for the reasons hereinafter indicated."

The People cite the definitions of felony and misdemeanor (Ill. Rev. Stat. 1969, ch. 38, sec. 2—7, 2—11), and art. II, sec. 8 of the Constitution of Illinois, 1870, which provides: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, * * * Provided, that the grand jury may be abolished by law in all cases," and urge that these provisions indicate a purpose to designate crimes according to "the seriousness of the crime". It should be noted, however, that the Constitutional provision above cited was in effect in 1880 when *Lamkin, supra,* was decided and that the definitions of felony and misdemeanor were the same as contained in the Criminal Code of 1961. See Ill. Rev. Stat. 1874, p. 394, 277 § 5, 278 § 6.

The People also argue that "the plain language of the legislature designating a felony would seem to fit the offense of forgery, as that offense is punishable by imprisonment in the penitentiary". While that point seems to us to have been disposed of by the authority above cited concerning the presence of the alternative penalty, it is, basically, an argument that one convicted of a misdemeanor cannot be sentenced to the penitentiary. This position is unpersuasive because of a line of authority not cited by either party to this appeal.

In *Thomas v. People,* 113 Ill. 531, 537, defendants had been indicted for the offense of false pretenses which provided for fine or imprisonment in the penitentiary. On conviction one defendant was fined and the other sentenced to the penitentiary. It was contended on appeal that if the conviction was not for a felony the sentence to the penitentiary was improper. Relying on *Lamkin, supra,* the *Thomas* court held the offense to be a misdemeanor but also sustained the imposition of the sentence saying, "It was certainly competent for the legislature to provide that a misdemeanor might be punished by confinement in the penitentiary."

In *People v. Bain,* 359 Ill. 455, 195 N.E. 42, the court held conspiracy to be a misdemeanor because of the presence of alternative penalties but did not reserve a sentence to the penitentiary, and in *People ex rel. Latimer v. Randolph,* 13 Ill.2d 552, p. 557, the Supreme Court stated:

"Petitioner contends that the penitentiary is not an institution for the incarceration of misdemeanants, and since he was convicted of a misdemeanor and is now incarcerated in the penitentiary, he has been denied due process of law as provided for in the constitution. It has long been the rule in this State that the legislature may provide that a misdemeanant might be punished by confinement in the penitentiary. *Thomas v. The People* 113 Ill. 531." See also *People v. Fowler,* 14 Ill.2d 252, p. 259.

We therefore hold that defendant was convicted, on February 14, 1962, of forgery, a misdemeanor, and that since the enhanced penalty provision contained in section 24—1(b), *supra,* can only be invoked upon the proof of a prior felony conviction, the sentence here was imposed without authority.

Cause remanded with directions to vacate the sentence and for further proceedings consistent with the views herein expressed.

Judgment of conviction affirmed,
sentence vacated and cause
remanded for further proceedings.

SMITH, P. J. and TRAPP, J., concur.